200 So. 114
**Ex parte SMITH, Director of Public Safety.**

**4 Div. 656.**

Court of Appeals of Alabama.

Jan. 21, 1941.

Thos. S. Lawson, Atty. Gen., and Prime F. Osborn, Asst. Atty. Gen., for petitioner.

E. C. Boswell, of Geneva, for respondent

SIMPSON, Judge.

Proceeding of mandamus against Hon. G. A. Ward, as Judge of the Inferior Court of Geneva County.

One John Easter Griggs was convicted of the charge of driving an automobile upon a public highway of said county "while under the influence of intoxicating liquor." Thereupon, and in accordance with the provisions of the Driver's License Act of Alabama, General Acts, Reg. and Spec. Sess., 1939, p. 300 et seq., the Director of Public Safety, petitioner here, was duly notified of said conviction, and accordingly revoked the driver's license of said Griggs.

The Director acted pursuant to Section 10, subsection (h) 2, of said Act, which is: "(h) The Director of Public Safety shall forthwith revoke the license of any driver upon receiving a record of such driver's conviction of any of the following offenses, when such conviction has become final: * * * 2. Driving a motor vehicle by a person who is an habitual user of narcotic drugs or 'while intoxicated."

Thereafter, and within thirty days, said Griggs filed with said Inferior Court a petition for the restoration of his driver's license under subsection (n) of Section 10 of said Act, pp. 305-6, which provides: "(n) Any person denied a license or whose license has been cancelled, suspended or revoked by the Director of Public Safety *except where such cancellation or revocation is mandatory under the provisions of this Act* shall have the right to file a petition within thirty (30) days thereafter for a hearing on the matter in the County Court, Circuit Court or court of like jurisdiction in the county wherein such person resides, and such court is hereby vested with jurisdiction and it shall be its duty to set the matter for hearing upon thirty (30) days' written notice to the Director of Public Safety, and thereupon to take testimony and examine into the facts of the case and to determine whether the petitioner is entitled to a license or subject to suspension, cancellation, or revocation of license under the provision of this Act." (Emphasis supplied.)

Upon the hearing of said petition the Director of Public Safety, by proper pleading, challenged the authority and jurisdiction of said Inferior Court to hear and determine the petition. The court overruled these various pleas, decreed that the offense for which Griggs had been convicted was not one in which revocation of his driver's license was mandatory, that subsection (h) 2 and the exception in subsection (n), Section 10 of the Act, supra, were not controlling, and ordered that said driver's license be restored to him.

This petition for mandamus challenges the propriety of the aforesaid order of the Inferior Court of Geneva County and prays that this court direct the judge of said Inferior Court to vacate and annul the said order reinstating Griggs' driver's license.

It is the opinion of this court that said Inferior Court acted wholly without authority of law in entertaining the petition of Griggs and in ordering the restoration of his driver's license.

The contention of respondent here, as was that of Griggs before the Inferior Court, is that the conviction in the Inferior Court was for driving a motor vehicle "while under the influence of intoxicating liquor" whereas the provision, Section 10, subsection (h) 2, making revocation of the driving license mandatory was when a final conviction had occurred for the driving of such vehicle "while intoxicated"; that the one offense is different from the other, the first being that denounced by Section 48, General Acts 1927,

p. 365, Michie's Code 1928, Section 1397 (50), and the latter as proscribed by General Acts 1936–37, Ex.Sess., p. 229; that therefore the conviction having been had for the former and not the latter offense, the said Inferior Court, under subsection (n), Section 10, of said Driver's License Act, was authorized to entertain the petition of Griggs, as regards the revoking of his driver's license and for the restoration thereof.

Such a position is untenable and controverts unambiguous decisions of both appellate courts of our State. The law has already been pronounced that the charge of driving a motor vehicle "while under the influence of intoxicating liquor" is equivalent to charging him with driving such vehicle "while intoxicated" and that there is no substantial difference between the two. Holley v. State, 25 Ala.App. 260, 144 So. 535, certiorari denied 225 Ala. 597, 144 So. 537; Sexton v. State, 29 Ala. App. 336, 196 So. 742, certiorari denied 239 Ala. 662, 196 So. page 746; Saliba v. State, 28 Ala.App. 460, 186 So. 787; Pharr v. Whittle, 237 Ala. 124, 185 So. 895.

So, reaffirming the previous holdings of our appellate courts, we hold that when Griggs was convicted of driving an automobile while under the influence of intoxicating liquor—and such conviction had become final—it became mandatory for the Director of Public Safety to forthwith revoke his driver's license, and when this was done the said Inferior Court was without authority or jurisdiction to undertake a hearing for, or to order, the reinstatement or restoration thereof. Section 10, subsection (h) 2, Driver's License Act, supra.

Mandamus is the proper remedy to test the question here presented, the said Inferior Court being without jurisdiction in the matter and the order entered having been without authority of law, and therefore void. Ex parte McFry, 218 Ala. 21, 117 So. 464; State v. Brewer, 19 Ala.App. 330, 97 So. 777, certiorari denied Ex parte Brewer, 210 Ala. 229, 97 So. 778.

The petition is granted and writ of mandamus will issue directing the Judge of the Inferior Court of Geneva County to vacate, annul, and expunge from the record the said order wherein the driver's license of Griggs was restored to him.

Writ granted.