42 So.2d 695

### STATE ex rel. BATES v. SAVAGE.
### 7 Div. 47.

Court of Appeals of Alabama
Nov. 1, 1949.

634

Hugh Reed, Jr., of Centre, for respondent.

A. A. Carmichael, Atty. Gen., and Bernard F. Sykes, Asst. Atty. Gen., for petitioner.

HARWOOD, Judge.

This is a proceeding in mandamus against Hon. F. M. Savage, as Judge of the Cherokee County Law and Equity Court.

The original petition for mandamus shows that on 6 April 1949 one Kenneth G. Laney pleaded guilty before the respondent, as judge aforesaid, to the offense of driving a motor vehicle on the highways of this State while drunk or intoxicated. Respondent, as said judge, imposed a fine of $100.00 as punishment. In his order imposing the fine the respondent made the following provision: "Driver's license not suspended or revoked."

Thereafter on or about 28 May 1949 the petitioner, Bankhead Bates, Director of the Department of Public Safety of this State, received notice from the clerk of said court of Laney's conviction as aforesaid, which notice indicated that no appeal had been perfected. Thereupon on 9 June 1949 the petitioner ordered the driving license of said Laney revoked, the respondent having failed to secure Laney's license upon his conviction.

On 18 June 1949 Laney filed a petition in the Cherokee County Law and Equity Court praying that the order issued by petitioner revoking Laney's driving license be annulled, and that Laney be permitted to continue to operate a motor vehicle on the highways of this State. On the day said petition of Laney was filed the respondent entered an order setting the petition down for hearing on 18 July 1949, and further provided that Laney be permitted to retain his driver's license pending final determination of his petition.

Upon receiving notice of said order this petitioner filed a motion seeking dismissal of Laney's petition, and vacation of the order of 18 June 1949.

Thereafter, in the hearing of Laney's petition on 18 July 1949, this petitioner timely filed several appropriate pleadings challenging the jurisdiction of the Cherokee County Law and Equity Court to hear and determine Laney's petition.

The court ruled adversely to this petitioner, Bankhead Bates, on his various pleadings and decreed that Laney be authorized to continue to drive a motor vehicle on the highways of this State, and that he keep and retain his driver's license.

This petition for mandamus questions the validity of the above said order, and prays that this court direct the respondent, as judge of the Cherokee County Law and Equity Court, to vacate that part of his order permitting Laney to retain his driver's license.

Shortly after the filing of this petition an alternative writ was directed to respondent requiring him to show cause in this court at 3:00 P.M. on 13 September 1949, why the writ of mandamus should not issue as prayed.

Respondent did not appear, nor did he file an answer. He has however timely filed a demurrer to the petition, and a motion to quash the alternative writ issued by this court. Numerous grounds are assigned to both the demurrer and the motion to quash. Some of the grounds to each pleading tend to raise the same general legal propositions, and can be discussed jointly. Respondent's diligent counsel has also filed a brief and argument in support of these pleadings and has discussed several, but not all of the grounds assigned. It is our opinion that those grounds not discussed by appellant's counsel are without merit, and we likewise will refrain from a discussion of them. The following points

with possible merit are raised by respondent's demurrer and motion.

First: That mandamus is not an appropriate remedy for relief in this case.

■ This contention is without merit. Mandamus will be awarded to require a trial judge to vacate and annul a void order or decree. Ex parte Smith, etc., 30 Ala. App. 24, 200 So. 114; State ex rel. Attorney General v. Brewer, 19 Ala.App. 330, 97 So. 777, certiorari denied, Ex parte Brewer, 210 Ala. 229, 97 So. 778; Ex parte McFry, 218 Ala. 21, 117 So. 464; State ex rel. Attorney General v. Judge of Eighth Judicial Circuit, 142 Ala. 87, 38 So. 835, 110 Am.St.Rep. 20; State ex rel. Pinney v. Williams, 69 Ala. 311.

Second: That it affirmatively appears that more than 15 days had elapsed since the rendition of the judgment of 18 July 1949, and that under the local act creating the Cherokee County Law and Equity Court said court loses control over its judgments after the expiration of 15 days from their rendition; therefore the rule nisi should be quashed since the respondent is unable to perform the alternative act required.

■ This contention is likewise without merit. A judgment void on its face may be annulled at any time, and a trial court has inherent authority to vacate such void judgment at any time after its rendition. Gibson v. Edwards, 245 Ala. 334, 16 So.2d 865; Griffin v. Proctor, 244 Ala. 537, 14 So.2d 116. Only an unreasonable delay is ground for dismissing a petition of the nature of the present one, Folmar v. Brantley, 238 Ala. 681, 193 So. 122, and it is apparent on the face of this record that it cannot be rationally asserted that this petitioner has acted tardily.

Third: The respondent contends that the 1947 amendment to Section 2, Title 36, by implication repeals certain portions of Section 68, Title 36, Code of Alabama 1940, and thereby authorizes the action taken by respondent in continuing Laney's possession of his driver's license.

Prior to the 1947 amendment Section 2 provided that upon conviction of a person charged with driving while intoxicated that the court, as additional punishment "must prohibit the person so convicted from driving any motor vehicle upon the public highways of this state for a period not to exceed one year."

As amended in 1947, see Ala.Code 1940, Cum.Sup., Section 2 now provides, as to additional punishment of persons convicted as above mentioned that the court "shall have authority to prohibit the person so convicted from driving any motor vehicle upon the highways of this state for a period not to exceed one year."

Section 68, supra, imposes a mandatory duty upon the Director of Public Safety that he shall, upon receiving a record of a person's conviction of driving while intoxicated, and after said conviction has become final, revoke such person's driver's license. This section further provides that: "Any person denied a license or whose license has been cancelled, suspended or revoked by the director of public safety *except where such cancellation or revocation is mandatory under the provisions of this article* shall have the right to file a petition within thirty days thereafter for a hearing on the matter in the county court, circuit court or court of like jurisdiction in the county wherein such person resides, and such court is hereby vested with jurisdiction and it shall be its duty to set the matter for hearing upon thirty days' written notice to the director of public safety, and thereupon to take testimony and examine into the facts of the case and to determine whether the petitioner is entitled to a license or subject to suspension, cancellation, or revocation of license under the provision of this article."    (Italics ours.)

Ex parte Smith, supra, presents facts strikingly similar to the present case, except that it was decided prior to the 1947 amendment to Section 2, supra.

In granting the writ of mandamus in Ex parte Smith, Justice Simpson then of this court wrote [30 Ala.App. 24, 200 So. 115]: "So, reaffirming the previous holdings of our appellate courts, we hold that when Griggs was convicted of driving an automobile while under the influence of intoxicating liquor—and such conviction had become final—it became mandatory for the Director of Public Safety to forth-

with revoke his driver's license, and when this was done the said Inferior Court was without authority or jurisdiction to undertake a hearing for, or to order, the reinstatement or restoration thereof. Section 10, subsection (h) 2, Driver's License Act, supra."

In our opinion the above doctrine announced in Ex parte Smith is conclusive of this case unless, as contended by the respondent, the amendment to Section 2, supra, renders such doctrine no longer applicable.

So far as we can discern, the only change made by the 1947 amendment to Section 2, supra, was to make discretionary with the trial court whether, as additional punishment, a person convicted of driving while intoxicated would be prohibited from driving on the highways of this State for a period of time not to exceed one year.

Even prior to the amendment, the mandate of the statute was more theoretical than real, as to the imposition of the additional punishment, since no minimum was set on the period of time for which a court might prohibit a person from driving. A prohibition for only a moment would meet the literal requirements of the statute. Thus, there is no reason apparent to us why the 1947 amendment to Section 2, supra, should in any manner operate in anywise to alter the law as declared in Ex parte Smith, supra.

Accordingly, respondent's demurrer to the petition is overruled, and his motion to quash the rule nisi is denied.

We are clear to the conclusion that the said Cherokee County Law and Equity Court acted wholly without authority of law in entertaining the petition of Laney, and in ordering that he retain his driver's license.

It is therefore ordered that this petition be granted, and a writ of mandamus be issued directing the Judge of the Cherokee County Law and Equity Court to vacate, annul, and expunge from the records of his court that portion of his order of 18 July 1949 wherein it is decreed that said Laney keep and retain his driver's license.

Writ granted.