RAYMOND RALPH FOX, PETITIONER, v. EDWARD SCHEIDT, COMMISSIONER OF MOTOR VEHICLES OF NORTH CAROLINA, RESPONDENT.

(Filed 3 November, 1954.)

**1. Automobiles § 34a: Constitutional Law § 13—**

The operation of a motor vehicle on the highways of this State is a conditional privilege, and the General Assembly has full authority, in the exercise of the police power, to prescribe the conditions upon which licenses shall be issued and to designate the agency through which, and the conditions upon which, licenses shall be suspended or revoked.

**2. Same—**

The State Department of Motor Vehicles is vested with exclusive authority to issue, suspend, and revoke licenses to operate motor vehicles in this State.

**3. Criminal Law § 17c—**

The plea of *nolo contendere* is recognized in this jurisdiction, but such plea may not be entered as a matter of right, but only as a matter of grace.

**4. Same—**

A plea of *nolo contendere* offered by defendant and accepted by the State is equivalent to a plea of guilty for the purposes of the case in which it is entered, but does not establish the fact of guilt for any other purpose.

**5. Automobiles § 34b—**

Defendant entered a plea of *nolo contendere* to a charge of a second offense of operating an automobile while under the influence of intoxicating liquor, which plea was accepted by the court, and a record of the entering and the acceptance of the plea was forwarded to the Commissioner of Motor Vehicles. *Held:* Under G.S. 20-17, it was the mandatory duty of the Commissioner of Motor Vehicles to revoke defendant's license for a period in compliance with G.S. 20-19 (d), as a ministerial act performed in the same case in which the plea was entered, G.S. 20-24 (a) (c), and no appeal lies therefrom. G.S. 20-25.

Appeal by respondent from *Rudisill, J.,* August Term 1954 of Iredell. Reversed.

Petition to compel the respondent, Commissioner of Motor Vehicles, to restore the petitioner's automobile driver's license allegedly revoked for the commission of a second offense of operating an automobile, while under the influence of intoxicating liquor.

After the filing of a petition and answer, the petitioner and respondent stipulated and agreed as to the facts. The facts so agreed upon material for decision by us are substantially as follows:

*One.* On 28 September 1949 Fox, the petitioner, was convicted in the Statesville Recorder's Court of driving an automobile while under the influence of intoxicating liquor, and was fined; the respondent, upon receipt of the record of such conviction, revoked petitioner's operator's license for one year.

*Two.* After the expiration of said revocation period, the petitioner procured reissuance of his operator's license.

*Three.* At the November Term 1952 of the Superior Court of Iredell County petitioner entered a plea of *Nolo Contendere* to a charge of a second offense of operating an automobile while under the influence of intoxicating liquor, which plea was accepted by the court, and judgment was rendered. A record of the entering and acceptance of such plea was forwarded to the respondent, who thereupon served upon petitioner a notice of revocation of his operator's license for a period beginning 11 November 1952 and ending 11 November 1955.

*Four.* The sole reason the respondent refuses to issue an operator's license to the petitioner is because of his plea of *nolo contendere* to the charge at the November Term 1952 of Iredell Superior Court.

*Five.* On 31 May 1954 petitioner applied for an operator's license; the respondent refused the application; and 30 days thereafter petitioner filed his petition in court.

Judge Rudisill entered judgment that the petitioner is entitled to the return of his operator's license, and directed the respondent to return it.

Respondent excepted and appealed, assigning error.

*Trivette, Holshouser & Mitchell for Petitioner, Appellee.*

*Harry McMullan, Attorney General, and Samuel Behrends, Jr., Member of Staff, for Respondent, Appellant.*

Parker, J.   G. S. N. C. Sec. 20-138 provides that it shall be unlawful and punishable, as provided in G. S. N. C. Sec. 20-179, for any person who is under the influence of intoxicating liquor to drive any vehicle upon the highways within the State.   G. S. N. C. Sec. 20-179 provides that every person who is convicted of violating Sec. 20-138 shall, for the first offense, be punished by a fine of not less than one hundred dollars or imprisoned for not less than thirty days, or by both, in the discretion of the court; and shall, for the second offense, be punished by a fine of not less than two hundred dollars or imprisonment for not less than six months, or by both, in the discretion of the court.

G. S. N. C. Sec. 20-24(a) provides: "When Court to Forward License to Department and Report Convictions.—(a) Whenever any person is convicted of any violation of the motor vehicle laws of this State, a notation of such conviction shall be entered by the court upon the license of the person so convicted.  Whenever any person is convicted of any offense for which this article makes mandatory the revocation of the operator's or chauffeur's license of such person by the Department, the court in which such conviction is had shall require the surrender to it of all operators' and chauffeurs' licenses then held by the person so convicted and the court shall thereupon forward the same, together with a record of such conviction, to the Department."  Subsection (c) provides that the term "conviction" shall mean a final conviction, and also that a forfeiture of bail to secure a defendant's presence in court, which forfeiture has not been vacated, shall be equivalent to a conviction.

G. S. N. C. Sec. 20-17 reads: "Mandatory Revocation of License by Department.—The Department shall forthwith revoke the license of any operator or chauffeur upon receiving a record of such operator's or chauffeur's conviction for any of the following offenses, when such conviction has become final: . . . 2. Driving a motor vehicle while under the influence of intoxicating liquor or a narcotic drug."

G. S. N. C. Sec. 20-16 is captioned: "Authority of Department to Suspend License."  When the license of a person is suspended under this section, the Department is required immediately to notify the licensee in writing, and upon his request shall give him a hearing.  The Department, when acting under this section, acts in its discretion, and its acts are

reviewable by the Superior Court. *Winesett v. Scheidt, Comr. of Motor Vehicles*, 239 N.C. 190, 79 S.E. 2d 501; G. S. N. C. Sec. 20-25. The review in the Superior Court "is a rehearing *de novo*, and the judge is not bound by the findings of fact or the conclusions of law made by the department." *In re Revocation of License of Wright*, 228 N.C. 301, 45 S.E. 2d 370.

G. S. N. C. 20-25, which gives the right of appeal, expressly excepts a right of appeal when such cancellation is mandatory. "No right accrues to a licensee who petitions for a review of the order of the Department when it acts under the terms of G. S. 20-17, for then its action is mandatory." *In re Revocation of License of Wright*, 228 N.C. 584, 46 S.E. 2d 696.

The General Assembly has full authority to prescribe the conditions upon which licenses to operate automobiles are issued, and to designate the agency through which, and the conditions upon which licenses, when issued shall be suspended or revoked. *S. v. McDaniels*, 219 N.C. 763, 14 S.E. 2d 793. G. S. N. C. 20—Art. 2 vests exclusively in the State Department of Motor Vehicles the issuance, suspension and revocation of licenses to operate motor vehicles. *S. v. Warren*, 230 N.C. 299, 52 S.E. 2d 879.

"The right of a citizen to travel upon the public highways is a common right, but the exercise of that right may be regulated or controlled in the interest of public safety under the police power of the State. The operation of a motor vehicle on such highways is not a natural right. It is a conditional privilege, which may be suspended or revoked under the police power. The license or permit to so operate is not a contract or property right in a constitutional sense." *Commonwealth v. Ellett*, 174 Va. 403, 4 S.E. 2d 762.

For clarity of understanding it is desirable to state the nature and implications of a plea of *nolo contendere*. "A plea of *nolo contendere*, sometimes called also a plea of *non vult* or plea of *nolle contendere*, means in its literal translation 'I do not wish to contend,' and it has its origin in the early English common law." 152 A.L.R., p. 254. The plea was known to the English common law as early as the reign of Henry IV (1399-1413). 2 Hawkins, "A Treatise on the Pleas of the Crown." 8th Ed. 466. "No example of its use in the English Courts has been found since the case of *Reg. v. Templeman*, decided in 1702, 1 Salk. 55, 91 Eng. Reprint 54." *Hudson v. U. S.*, 272 U.S. 451, 71 L. Ed. 347. Its use has been continued in the United States, 152 A.L.R., pp. 254-5; and it has long been recognized in this jurisdiction. *Winesett v. Scheidt, Comr. of Motor Vehicles, supra.*

Recent years have brought about the renaissance of the plea of *nolo contendere* in criminal proceedings in the United States, especially in the

Federal Courts where, it is said, thousands of defendants have entered the plea to indictments and criminal informations charging them with violating the anti-trust and income tax laws, because of the attractiveness of certain of its features for the defendant.  Lenvin and Meyers: *"Nolo Contendere:* Its Nature and Implications." 51 Yale Law Journal 1255.

The entry of the plea is not a matter of right, but of grace.  *S. v. McIntyre,* 238 N.C. 305, 77 S.E. 2d 698.  *Hudson v. U. S., supra.*

It seems to be the law in all the State Courts and in the Federal Courts that a plea of *nolo contendere* to an indictment good in form and substance, has all the effect of a plea of guilty for the purposes of that case only.  *Winesett v. Scheidt, Comr. of Motor Vehicles, supra; S. v. Cooper,* 238 N.C. 241, 77 S.E. 2d 695; *S. v. McIntyre, supra; S. v. Thomas,* 236 N.C. 196, 72 S.E. 2d 525; *In re Stiers,* 204 N.C. 48, 167 S.E. 382; *U. S. v. Norris,* 281 U.S. 619, 74 L. Ed. 1076; *Hudson v. U. S., supra;* 152 A.L.R., p. 273, Note 125, where the cases are cited; 14 Am. Jur., Criminal Law, p. 954. ". . . It" (a plea of *nolo contendere*) "authorizes judgment as upon conviction by verdict or plea of guilty." *Winesett v. Scheidt, Comr. of Motor Vehicles, supra.*

"Like the implied confession this plea does not create an estoppel, but like the plea of guilty, it is an admission of guilt for the purpose of the case." *Hudson v. U. S., supra.*

*Winborne, J.,* speaking for the Court says in *S. v. Thomas, supra:* ". . . (2) that in all decisions in point the legal effect of the plea of *nolo contendere,* after it has been offered by the defendant and accepted by the court, in respect to the case in which it is interposed, is that it becomes an implied confession of guilt, and for the purposes of the case only, equivalent to a plea of guilty."

The basic characteristic of the plea of *nolo contendere* which differentiates it from a guilty plea, as unanimously accepted by all the courts, is that while the plea of *nolo contendere* may be followed by a sentence, it does not establish the fact of guilt for any other purpose than that of the case to which it applies.  *Winesett v. Scheidt, Comr. of Motor Vehicles, supra; S. v. Thomas, supra; In re Stiers, supra; S. v. Burnett,* 174 N.C. 796, 93 S.E. 473; 152 A.L.R. 280, *et seq.*

When Fox, the petitioner, entered a plea of *nolo contendere* to the charge of a second offense of operating an automobile upon the public highways of the State, while under the influence of intoxicating liquor, at the November Term 1952 of the Superior Court of Iredell County, which plea was accepted by the court, for the purposes of that case in that court, such plea was equivalent to a plea of guilty, or conviction by a jury, and G.S. 20-24, subsection (a) required that court *to enter a notation* of such conviction upon the license of Fox to operate an automobile in North Carolina, and *to compel the surrender* to it of such license then held by

Fox, and thereupon to *forward the license,* together with a record of the conviction to the Department of Motor Vehicles. G. S. N. C. 20-17 *mandatorily required* the Department of Motor Vehicles to revoke Fox's license upon receipt of the record from the Superior Court of Iredell County of his plea of *nolo contendere,* which in that case for the purposes of that case was equivalent to a conviction to the charge of driving a motor vehicle while under the influence of intoxicating liquor upon the public highways. The plea of *nolo contendere* tantamount to a conviction had become final, before the mandatory revocation was had, and the period of revocation was in compliance with G. S. N. C. 20-19(d).

It is to be noted that while petitioner's license to operate an automobile was revoked from 11 November 1952 for three years, he did not apply to the respondent for return of his license until 31 May 1954.

The respondent revoked the operator's license of petitioner under the mandatory provisions of G. S. N. C. 20-17—he had no discretion. Such mandatory revocation by the Department of Motor Vehicles was as much the performance of a ministerial duty in the petitioner's case in Iredell County as the Clerk of the Superior Court in that county entering the judgment of the court in the case in the Minutes of the Court. Like the Clerk, the Department of Motor Vehicles did a mechanical act for the purposes of the case in that particular case. The fact that the revocation took place in a central agency in Raleigh, as prescribed by Act of the General Assembly, makes no difference. The legislative purpose and intent is clear that in every case of a conviction—and a plea of *nolo contendere* is equivalent to a conviction by a jury for the purposes of that case—of driving a motor vehicle while under the influence of intoxicating liquor the driver shall be punished, and shall be prevented from operating motor vehicles upon the highways to the hazard of other citizens. The General Assembly meticulously specified that the trial court shall take up the defendant's license in court, and forward it to the Department. It is a continuous transaction in the same case. It is a well known fact that many juries are reluctant to convict drunken drivers, because such conviction carries a mandatory revocation of the operator's license; in practical effect then and there in open court by the court taking up the operator's license.

*Winesett v. Scheidt, Comr. of Motor Vehicles, supra; S. v. Thomas, supra,* and *In re Stiers, supra,* were correctly decided upon the facts of those cases, and what we decide here in no way modifies what was decided in those cases.

In the *Winesett Case* the Commissioner of Motor Vehicles was acting under G. S. 20-16. Winesett requested a hearing, which was granted, and on the hearing Scheidt acted solely on the record furnished him by the Pasquotank Recorder's Court—a different proceeding in a different

forum. In the *Thomas Case,* Thomas entered a plea of guilty to a charge of violating the prohibition law in the Recorder's Court of Edgecombe County, and was given a road sentence, which sentence was suspended and Thomas was placed on probation. Subsequently, Thomas entered a plea of *nolo contendere* to a criminal charge in a Recorder's Court in Pitt County. The Court properly held that the plea of *nolo contendere* entered in the court in Pitt County could not be used in the Recorder's Court of Edgecombe County to show a violation of Thomas' conditions of probation in the Edgecombe County Court—a different case, a different court. In the *Stiers Case,* Stiers entered a plea of *nolo contendere* in a Federal District Court to an indictment charging him with embezzlement. A disbarment proceeding, civil in its nature, was brought against Stiers in a State Court. Certainly Stiers' plea of *nolo contendere* did not establish his guilt of embezzlement in another court in a proceeding civil in its nature.

For the reasons stated above the judgment of the lower court is reversed, and it is so ordered.

Reversed.