78 So.2d 822

### Ex parte STATE ex rel. L. B. SULLIVAN, Director, State Dept. of Public Safety.

### 6 Div. 775.

Supreme Court of Alabama.

Feb. 24, 1955.

Robt. P. Bradley, Asst. Atty. Gen., for petitioner.

Dan P. Barber, Hugo L. Black, Jr., Birmingham, for respondent.

STAKELY, Justice.

This is an original petition for mandamus filed in this court by L. B. Sullivan, as Director of the Department of Public Safety of the State of Alabama, to compel Judge J. Russell McElroy, as Presiding Judge of the Tenth Judicial Circuit of Alabama, to vacate an order made by him in connection with the suspension of the driver's license of Robert R. Lucas. The case is submitted here on the petition for mandamus and the answer of Judge J. Russell McElroy. The case calls for an interpretation of pertinent provisions of § 68, Title 36, Code of 1940, relating to the cancellation, suspension or revocation by the Director of Public Safety of a driving license.

L. B. Sullivan, as Director of the Department of Public Safety of the State of Alabama, suspended the driver's license of Robert R. Lucas effective December 17, 1953, for a period of two months. This action was taken by the Director on the ground that Robert R. Lucas was an habitual violator of the traffic laws pursuant to the authority granted the Director by § 68, Title 36, Code of 1940. Thereafter a hearing was given to Robert R. Lucas on his request by L. B. Sullivan, as Director of the Department of Public Safety of the State of Alabama, with the result that the period of suspension was kept at two months.

Robert R. Lucas then filed a petition in the Circuit Court of Jefferson County, Alabama, to have the aforesaid action of L. B. Sullivan, as Director of the Department of Public Safety of the State of Alabama, reviewed. At the time the petition was filed Robert R. Lucas asked the court for a stay of the order suspending his driver's license pending a hearing on his petition. The stay was granted.

Thereupon L. B. Sullivan, as Director of the Department of Public Safety of the State of Alabama, made a motion that the stay of the order be vacated. Judge J. Russell McElroy, as Presiding Judge of the Tenth Judicial Circuit of Alabama, overruled the aforesaid motion and it is this order overruling the aforesaid motion which L. B. Sullivan, as Director of the Department of Public Safety of the State of Alabama, seeks to have this court vacate on the petition here filed in this court.

I. The state insists in this case that the circuit court had no authority or power to

issue an order staying the order of the Director of Public Safety pending the hearing on the petition filed pursuant to Title 36, § 68, Code of 1940, because no such authority is conferred by the statute. It is true that an examination of the pertinent provisions of § 68 shows that there is no express authority to stay the order provided in the statute. We set out the pertinent provisions of the statute as follows:

"* * * Any person denied a license or whose license has been cancelled, suspended or revoked by the director of public safety except where such cancellation or revocation is mandatory under the provisions of this article shall have the right to file a petition within thirty days thereafter for a hearing on the matter in the county court, circuit court or court of like jurisdiction in the county wherein such person resides, and such court is hereby vested with jurisdiction and it shall be its duty to set the matter for hearing upon thirty days' written notice to the director of public safety, and thereupon to take testimony and examine into the facts of the case and to determine whether the petitioner is entitled to a license or subject to suspension, cancellation, or revocation of license under the provision of this article."

The statute, however, satisfies us that the statute in effect contemplates a de novo trial in the circuit court. The court is authorized to take testimony and to examine the facts of the case and to determine whether the petitioner is entitled to a license or subject to suspension, cancellation or revocation of the license under the provisions of this statute. In other words, the court is empowered to have a hearing, to take testimony and to make a finding of its own. This necessarily means that the taking of an appeal to the circuit court by the filing of the petition provided in the statute ipso facto vacates the director's order of suspension.

In Thompson v. City of Birmingham, 217 Ala. 491, 117 So. 406, 407, this court said:

"But when an appeal is allowed by statute from the judgment of an inferior court to a superior court, where the case is to be tried de novo, a different situation is presented. A trial de novo means a new trial 'as if no trial had ever been had, and just as if it had originated in the circuit court.' * * *"

And in Louisville & N. R. Co. v. Lancaster, 121 Ala. 471, 25 So. 733, 735, in discussing the effect of an appeal with a trial de novo, this court said:

"The appeal when taken, operates to annul and vacate the entire judgment of the justice of the peace * * *."

Vinyard v. Republic Iron & Steel Co., 205 Ala. 269, 87 So. 552; Abraham v. Alford, 64 Ala. 281; Ex parte Cudd, 195 Ala. 80, 70 So. 721.

We agree with Judge McElroy when he said, "That the allowance of any force or effect to the director's order of suspension subsequent to the filing of the petition would be utterly incompatible with the duty and jurisdiction of the court to determine anew the matter of whether and for how long the license should be suspended." It can be seen that if the order of suspension is not vacated a situation could arise in which the filing of the petition for review would be futile. The period of suspension would have expired before the court could hear the petition, as for example where the director suspended the driver's license for 30 days, since the statute provides that the director must have thirty days written notice of the time the petition is set for hearing. It seems clear to us that the legislature did not intend any such result.

Since the filing of the petition vacated the director's order of suspension, the order staying the suspension was unnecessary, but this does not make the order illegal and there is no reason why such

order could not be made in order that the parties might be entirely sure of their legal position.

█ But it is further argued by the petitioner that our cases which give effect to an appeal where a de novo trial is contemplated by the statute, do not apply to a situation where there is an appeal from the order of an administrative officer such as the Director of Public Safety. It is sufficient to say that as we pointed out in Ex parte Darnell, Ala., 76 So.2d 770[1], under § 139 of the Constitution of Alabama, an administrative officer may be invested with judicial authority. The action of the Director of Public Safety in revoking or denying the driver's license of Robert R. Lucas was a judicial act and, therefore, the appeal under the statute from the order of the Director of Public Safety was not merely an appeal from the order of an administrative officer, but was an appeal from the order of an administrative officer acting in a judicial capacity.

II. Lastly, it is the position of the petitioner that in the event we should hold that the circuit court has the power to stay an order of the Director of Public Safety where a petition has been filed pursuant to the provisions of § 68, Title 36, Code of 1940, then in the present case the court exceeded its discretionary power when it issued the stay order. Under the authorities which we have cited we find no room for discretion in a situation of this kind. The filing of the petition under the statute ipso facto vacated the order of the director and, accordingly, removed any question of discretion in the action of the court.

We conclude that the writ of mandamus must be denied.

Writ denied.

SIMPSON, GOODWYN, MERRILL and MAYFIELD, JJ., concur.

LIVINGSTON, C. J., and LAWSON, J., dissent.