91 So.2d 233

**Ex parte STATE ex rel. Bill LYERLY, as Director Department of Public Safety.**

**I Div. 742.**

Court of Appeals of Alabama.

Dec. 6, 1956.

John Patterson, Atty. Gen., and Jas. W. Webb, Asst. Atty. Gen., for petitioner.

Henderson F. Helt, Jr., Mobile, for respondent.

HARWOOD, Presiding Judge.

A petition for mandamus was filed in this court by Bill Lyerly, as Director of the Department of Public Safety, to compel Judge Robert T. Ervin, Jr., as a judge of the 13th Judicial Circuit, to vacate an order made by him overruling the motion of Lyerly to strike an appeal filed in the Circuit Court of Mobile County by one Robert Maness, seeking a restoration of his driver's license, the same having been suspended by Lyerly upon Maness' conviction in the Recorder's Court of the City of Mobile.

Section 68, Title 36, Code of Alabama 1940, provides in parts pertinent to this proceeding, as follows:

"The director of public safety shall forthwith revoke the license of any driver upon receiving a record of such driver's conviction of any of the following offenses, when such conviction has become final: [Here is set forth a number of such offenses, including driving while intoxicated]. * * *

"The director of public safety is hereby authorized to suspend the license of a driver without preliminary hearing upon a showing by court records or other sufficient evidence that the licensee: Has been charged with an offense for which mandatory revocation of license is required upon conviction. * * *

"Upon suspending the license of any person as hereinbefore in this section authorized, the director of public safety shall immediately notify the licensee in writing and upon his request shall afford him an opportunity for a hearing as early as practical within not more than thirty days after receipt of such request in the county wherein the licensee resides unless the director of public safety and the licensee agree that such hearing may be held in some other county. Such hearing shall be before the director of public safety or his duly authorized agent, and upon such hearing the director of public safety or his duly authorized agent may administer oaths and may issue subpoenas for the attendance of witnesses and the production of relevant books and papers and may require a re-examination of the licensee. Upon such hearing the director of public safety or his duly authorized agent shall either rescind his order of suspension or, good cause appearing therefor, may extend the suspension of such licensee or revoke such license. * * * * .

"Any resident or non-resident whose right or privilege to drive a motor vehicle in this state has been suspended or revoked as provided in this section shall not drive a motor vehicle in this state under a license, permit, or registration certificate issued by any other jurisdiction or otherwise during such suspension or after such revocation until a new license is obtained when and as permitted under this article. Any person denied a license or whose license has been cancelled, suspended or revoked by the director of public safety except where such cancellation or revocation is mandatory under the provisions of this article shall have the right to file a petition within thirty days thereafter for a hearing on the matter in the county court, circuit court or court of like jurisdiction in the county wherein such person resides, and such court is hereby vested with jurisdiction and it shall be its duty to set the matter for hearing upon thirty days' written notice to the director of public safety, and thereupon to take testimony and examine into the facts of the case and to determine whether the petitioner is entitled to a license or subject to suspension, cancellation, or revocation of license under the provision of this article."

Lyerly's petition shows that he, after reviewing the record of conviction of Maness, for driving while intoxicated, exercised the discretion vested in him, suspended Maness' driver's license; and that he did not thereafter receive a request for hearing from Maness, as provided by Section 68, supra.

His petition further shows that Maness has filed an "appeal" to the Circuit Court of Mobile County seeking the restoration of his license, and that upon a hearing of Maness' "appeal" a motion was made to strike the same on the grounds that Maness had never requested the administrative hearing and therefore had not exhausted his administrative remedies provided before resorting to judicial relief.

As we understand the answer of the respondent, Judge Ervin, and brief filed

in support of his answer, and the argument of his counsel at the hearing of this cause, it is respondent's contention that the right to petition for a hearing in the county court, circuit court, or court of like jurisdiction, upon the matter of the revocation or suspension of a driver's license, is a separate, distinct, and additional method by which a driver may seek a restoration of his license, and is therefore not dependent upon prior administrative action by the Director of the Department of Public Safety.

We do not agree with this contention.

The action of the Director in revoking, or suspending, a driver's license is a judicial act, and the right to petition a court is an appeal from an order of an administrative officer acting in a judicial capacity. Ex parte State ex rel. Sullivan, 262 Ala. 188, 78 So.2d 322.

In In re Revocation of License to Operate a Motor Vehicle of Wright, 228 N.C. 301, 304, 45 S.E.2d 370, 372, involving a review of an order of the Department of Motor Vehicles of that State revoking Wright's driving license, under the North Carolina statute which for all material purposes is the same as the Alabama statute now considered, that court observed:

"The department filed no answer, and it does not satisfactorily appear on this record whether the petitioner sought and obtained a hearing by the department before filing his petition for a hearing before the judge. Although no question in respect thereto is presented on this record, we deem it advisable to call attention to the fact provision for a hearing by the department, upon application of the aggrieved licensee whose license has been suspended or revoked by the department in the exercise of its discretionary power, is contained in the Act. G.S. § 20–16, subd. 8(b). Orderly procedure demands that the administrative remedies should be exhausted before resort is had to the courts under G.S. § 20–25. That this has been done

should be made to appear in the petition for a hearing before the judge."

We conclude therefore that the petition of Lyerly is well founded, and that he is entitled to the relief sought.

The order of the lower court denying Lyerly's motion to strike the petition of Maness being interlocutory, and nonappealable, the petitioner here was without adequate remedy to test this ruling. Mandamus was therefore a proper remedy for him to pursue.

It is therefore ordered that this petition be granted, and that a writ of mandamus be issued directing the respondent to vacate, annul and hold for naught his order denying the petitioner Lyerly's motion to strike the petition of Maness seeking the restoration of his driver's license.

Writved granted.