167 So.2d 267

**Franklin MAY**

v.

**Albert J. LINGO, Director of Public Safety, etc.**

**3 Div. 125.**

Supreme Court of Alabama.

Sept. 10, 1964.

Jas. M. Fullan, Jr., Birmingham, for appellant.

Richmond M. Flowers, Atty. Gen., and Robt. P. Bradley, Asst. Atty. Gen., for appellee.

LAWSON, Justice.

In an appeal from the Recorder's Court of the City of Birmingham by Franklin May, the following entry was made in the minutes of the Circuit Court of Jefferson County:

"This the 5th day of March, 1963, came Wm. C. Walker, Attorney, who prosecutes for the City of Birmingham, and also came the defendant in his own person and by attorney, and the defendant being duly arraigned upon the oral Complaint of the City of Birmingham, charging the defendant with the offense designated in the Appeal Bond from the Recorder's Court of the City of Birmingham, Alabama, in this cause, for his plea thereto enters a plea of Nolo Contendere to driving a car while intoxicated, as charged in said oral Complaint, and on recommendation of City Attorney Walker, the Court assessed a fine of One Hundred Dollars. ($100.00) and costs against said defendant. It is therefore considered by the Court, and it is the judgment of the Court that said defendant is guilty of driving car while intoxicated, as charged in said oral complaint, and that he pay a fine of One Hundred Dollars ($100.00) and costs of this cause.

"And the defendant paid said fine and costs to the Clerk and was discharged."

On or about October 24, 1963, the Director of the Department of Public Safety, Albert J. Lingo, gave written notice to Franklin May that his driver's license had been revoked because he had been convicted in Jefferson County on March 5, 1963, of "driving while intoxicated."

On October 31, 1963, Franklin May filed in the Circuit Court of Montgomery County a petition for mandamus to compel Albert J. Lingo, as Director of Public Safety of Alabama, to rescind his order revoking May's driver's license.

Upon the presentation of the petition for mandamus to one of the judges of the Circuit Court of Montgomery County, the clerk of that court was ordered to issue an alternative writ of mandamus directed to Mr. Lingo. That writ was duly issued.

The respondent, Mr. Lingo, thereafter interposed demurrer to the petition and filed his "answer and return."

On December 17, 1963, the trial judge sustained the demurrer to the petition and since the petitioner declined to amend his petition, a judgment in favor of Mr. Lingo was made and entered.

From that judgment the petitioner below, Franklin May, has appealed to this court.

Section 68, Title 36, Code 1940, as amended, provides in part as follows:

"* * * Whenever any person is convicted of any offense for which this article makes mandatory the revocation of the driver's license of such person by the director of public safety, the court in which such conviction is had shall require the surrender to it of the driver's license then held by the person so convicted and the court shall thereupon cause the same to be forwarded together with a record of such conviction to the director of public safety. * * * The director of public safety shall forthwith revoke the license of any driver upon receiving a record of such driver's conviction of any of the following offenses, when such conviction has become final:

* * * driving a motor vehicle by a person * * * while intoxicated; * * *."

When a person is convicted of driving a motor vehicle while intoxicated and such conviction becomes final, it is the mandatory duty of the Director of Public Safety to forthwith revoke his driver's license. Ex parte Smith, 30 Ala.App. 24, 200 So. 114; State ex rel. Bates v. Savage, 34 Ala.App. 633, 42 So.2d 695. No discretion on the part of the Director of Public Safety is involved. His action is purely administrative so far as mandatory revocations are concerned. Anything said to the contrary in Ex parte State ex rel. Sullivan, 262 Ala. 188, 78 So.2d 322, and in Ex parte State ex rel. Lyerly, 38 Ala.App. 630, 91 So.2d 233, is disapproved.

May does not question the finality of the judgment of March 5, 1963. It is his contention, if we understand it correctly, that the judgment of March 5, 1963, being based on a plea of nolo contendere rather than on a plea of guilty or a plea of not guilty, affords no basis for the revocation of his driver's license. In support of such contention May relies on our case of State ex rel. Woods v. Thrower, 272 Ala. 344, 131 So.2d 420. Thrower, while holding the office of Commissioner of the City of Dothan, was adjudged guilty in a federal district court of a felony under the laws of the United States (evading payment of United States income taxes) and was fined $1500. That conviction was rested on a plea of nolo contendere. Following his conviction in the federal court, a proceeding in the nature of quo warranto was brought against Thrower in a court of this state to determine his right to hold the office of Commissioner of the City of Dothan. It was the contention of Woods, the relator, that under certain sections of our Constitution and statutes Thrower was disqualified to hold the office of Commissioner because of the aforesaid conviction. §§ 60 and 182, Constitution of 1901; § 5, Title 41, and § 15, Title 17, Code 1940. The trial court held, in effect, that the constitutional and statutory provisions just cited above did not operate to render Thrower ineligible to hold the stated office since his conviction in the federal court, being based on a plea of nolo contendere, was limited to that particular case and had no effect outside of that case.

In affirming the trial court's action, we cited our cases of Fidelity-Phenix Fire Ins. Co. of N. Y. v. Murphy, 231 Ala. 680, 166 So. 604, and Wright v. State, 38 Ala.App. 64, 79 So.2d 66, cert. denied, 262 Ala. 420, 79 So.2d 74. In the Murphy case, supra, it was held that a conviction for perjury in a federal court entered on a plea of nolo contendere did not render a witness incompetent to testify in a civil case in the courts of this state. In the Wright case, supra, it was held that evidence of the conviction of a witness in a federal court based on a plea of nolo contendere was not admissible in a criminal case in an Alabama court for the purpose of discrediting the witness.

In the Thrower case, supra, we said as follows:

"The doctrine in this jurisdiction is that the plea of nolo contendere, so

called, is not in a strict legal sense a plea in the criminal law at all, but is a formal declaration by the accused that he will not contest with the prosecuting authorities under the charge. It is in the nature of a compromise between the State and the defendant and if accepted by the trial judge (which in his discretion he may or may not do) a judgment of conviction may be entered thereon. It is not a plea of guilty but is in the nature of a tacit confession and is limited to the particular case and only that case. It has no effect outside of that case.

\* \* \* \* \* \*

" \* \* \* The life line of the rule is that the record of such a conviction is limited to the case and only the case in which the plea is entered; it is, in fact, not a conviction at all on a plea of guilty, but is an adjudication on a declaration by the accused in open court that, for reasons personal to himself (and there could be many bona fide, honest ones) he prefers not only to stand mute with respect to answering the charge, but also will not contest the prosecution's efforts with respect to it." (272 Ala. 346–347, 131 So.2d 422–423.)

If the plea of nolo contendere can be correctly interposed under our system of jurisprudence, we would be confronted with the question as to whether our holding in the Thrower case and in the cases from this jurisdiction cited in the Thrower case operate to prevent the Director of Public Safety from revoking the driver's license of one who has been convicted of driving while intoxicated following the imposition of such a plea. In North Carolina, where the interposition of such a plea is permitted, that question has been answered in the negative. Fox v. Sheidt, 241 N.C. 31, 84 S.E. 2d 259.

But insofar as our research discloses, the appellate courts of this state have never recognized the plea of nolo contendere as a part of our criminal procedure. In his response to the rehearing application filed in the Murphy case, supra, Mr. Justice Thomas observed: "We have indicated the nature and limited power of a plea of nolo contendere, which may be interposed in a federal court by the consent of its presiding judge. No such plea is recognized; nor could one be entered or sentence had thereon, under our system of jurisprudence." (231 Ala. 688, 166 So. 604, 611) That statement does not seem to have been approved or disapproved by the other members of the court who participated in the action overruling the rehearing. In the response on rehearing in the Murphy case, authored by Mr. Justice Bouldin, in which the other participating Justices concurred, appears this statement: "The record shows the judgment entered on a plea of nolo contendere. This is a special and limited plea recognized in *some* jurisdictions." (Emphasis supplied) (231 Ala. 691, 166 So. 613.) This is certainly not a holding that such a plea is a part of our criminal procedure.

We recognize the fact that the plea of nolo contendere has been said to have originated in the early English common law (Fox v. Sheidt, supra; 152 A.L.R. 254) and that § 3, Title 1, Code 1940, provides:

"The common law of England, so far as it is not inconsistent with the Constitution, laws and institutions of this state, shall, together with such institutions and laws, be the rule of decisions, and shall continue in force, except as from time to time it may be altered or repealed by the legislature."

We are aware of no statutory provision which expressly prohibits the interposition of a plea of nolo contendere. But our statutory system of criminal pleading negatives the use of such a plea. The accused, upon being arraigned, may declare orally, or in writing, that he is not guilty and, if he enters such a plea it constitutes the issue between him and the state. He may declare orally or in writing that he

is guilty. § 288, Title 15, Code 1940. Oral pleas, except the plea of guilty or not guilty, delivered in open court, received by the clerk and entered on the minutes, are unknown in our practice. Crawford v. State, 112 Ala. 1, 21 So. 214. If an accused refuses or neglects to plead, or stands mute, the court must require the plea of not guilty to be entered for him. § 276, Title 15, Code 1940.

In § 288, Title 15, Code 1940, are set out suggested forms of pleas which must be filed in writing in criminal cases. These forms relate to a general form of plea, plea to the jurisdiction, plea of misnomer, plea of autrefois convict, plea of autrefois acquit, plea of former jeopardy. No mention is made of the plea of nolo contendere.

In view of our statutory provisions which relate to pleadings in criminal cases and the fact that the appellate courts of this state have never previously held that a plea of nolo contendere may be properly interposed, we feel constrained to hold that such a plea is not proper in a criminal case in the courts of this state.

Since the plea of nolo contendere was improperly received in May's trial in the Circuit Court of Jefferson County, we are confronted with the question as to whether the judgment of conviction entered on such a plea is valid.

■ We see no escape from holding that the judgment of conviction entered against May on March 5, 1963, was not valid since no proper plea was interposed. We cannot treat the plea of nolo contendere as being tantamount to a plea of guilty. To do so would run counter to express language in our opinion in the Thrower case, supra. We cannot recognize that plea as being a plea of not guilty which, if it had been filed, would have required the City to prove its charge. No evidence was introduced. There can be no trial on the merits in a criminal case until the defendant has pleaded not guilty or this plea has been entered for him by the court. Jackson v. State, 91 Ala. 55, 8 So. 773.

The judgment of conviction being invalid, May's driver's license was improperly revoked. It follows that the trial court erred in sustaining demurrer to the petition for mandamus and in entering judgment for the respondent, Lingo.

Reversed and remanded.

LIVINGSTON, C. J., and SIMPSON, GOODWYN, MERRILL, and HARWOOD, JJ., concur.

COLEMAN, J., dissenting.

COLEMAN, Justice (dissenting):

On a plea of nolo contendere, defendant was convicted of driving a motor vehicle while intoxicated.

§ 68, Title 36, Code 1940, provides that the director of public safety "shall forthwith revoke the license" of any driver upon receiving a record of such driver's conviction of driving a motor vehicle while intoxicated. § 68 imposes a mandatory duty on the director. State v. Savage, 34 Ala.App. 633, 636, 42 So.2d 695. In compliance with the statute, the director revoked defendant's driver's license.

Defendant filed in the circuit court a petition for mandamus to compel the director to rescind the revocation. The circuit court denied relief and defendant appeals.

Defendant argues that because, under the doctrine of State v. Thrower, 272 Ala. 344, 131 So.2d 420, a plea of nolo contendere is not a plea of guilty but is in the nature of a tacit confession and is limited to the particular case and only that case and has no effect outside of that case, defendant's conviction under such a plea ought not to have the effect of revoking his driver's license. Defendant says that to revoke his license, because of such conviction, is to give the conviction effect outside the case in which the plea was made.

One answer to defendant's argument is that the plea here, or the conviction, is not being given effect outside the case in which the plea was entered. The plea is being given effect in the same case. In a case identical with this one as to effect of such a plea, the Supreme Court of North Carolina said:

"The respondent revoked the operator's license of petitioner under the mandatory provisions of G.S.N.C. 20-17—he had no discretion. Such mandatory revocation by the Department of Motor Vehicles was as much the performance of a ministerial duty in the petitioner's case in Iredell County as the Clerk of the Superior Court in that county entering the judgment of the court in the case in the Minutes of the Court. Like the Clerk, the Department of Motor Vehicles did a mechanical act for the purposes of the case in that particular case. The fact that the revocation took place in a central agency in Raleigh, as prescribed by Act of the General Assembly, makes no difference. The legislative purpose and intent is clear that in every case of a conviction—and a plea of *nolo contendere* is equivalent to a conviction by a jury for the purposes of that case—of driving a motor vehicle while under the influence of intoxicating liquor the driver shall be punished, and shall be prevented from operating motor vehicles upon the highways to the hazard of other citizens. The General Assembly meticulously specified that the trial court shall take up the defendant's license in court, and forward it to the Department. It is a continuous transaction in the same case. . . ." Fox v. Scheidt, 241 N.C. 31, 36, 84 S.E.2d 259, 263.

It is said that a plea of nolo contendere cannot be interposed in Alabama, (1) because the appellate courts of this state have never previously held that such plea may be interposed, and (2) because of our statutory provisions which relate to pleading in criminal cases

It is true that the court said in Crawford v. State, 112 Ala. 1, 17, 21 So. 214, 218, that oral pleas, except the plea of guilty or not guilty, delivered in open court, are unknown in our practice. This is not, however, to say that any other oral plea is forbidden, merely because such other plea was unknown to, or not in the mind of, the writer at the time. Not guilty by reason of insanity, is at least one other plea, commonly made orally, in open court. Moreover, the statement in Crawford was made in considering the propriety of the trial court's action in refusing to suspend the trial to allow defendant's counsel to prepare a plea alleging that the grand jury was not properly drawn, and in refusing to entertain an oral plea alleging such irregularity; all in view of the fact that defendant, on a previous day of the term, had been arraigned and had pleaded not guilty.

It is admitted that the plea of nolo contendere is a plea sufficient at common law. See 152 A.L.R.2d 254 for history of the plea. The availability of the plea appears to have been recognized in Mississippi, although of infrequent use in that state, Chester v. State, 107 Miss. 459, 65 So. 510; and, in a prosecution for activities in connection with obscene literature, it was held proper for the court to enter judgment upon a plea of noló contendere. Williams v. State, 130 Miss. 827, 94 So. 882.

§ 3, Title 1, Code 1940, provides that the common law, not inconsistent with the constitution, laws, and institutions of this state shall, together with such institutions and laws, be the rule of decisions and continue in force, except as repealed or altered by the legislature.

The policy of this statute is expressed by the oft repeated rule that statutes in derogation of the common law must be strictly construed. The reason for this rule has been stated as follows:

" . . . 'With all the gross imperfection of the common law, it did contain certain grand principles, and these principles had been worked out into many practical rules both of primary right and of procedure, which protected personal rights—rights of property, of life, of liberty, of body and limb—against the encroachment both of government and of private individuals. This was the great glory of the common law. Any statutes which should take away, change, or diminish these rights, should be strictly .construed.' This rule of construction is necessary, because such statutes 'oppose the overwhelming power of the government to the public power of resistance of the individual, and it is the duty of courts under such circumstances to guard the individual as far as is just and legal.' . . ." Crowder v. Fletcher & Co., 80 Ala. 219, 222.

It is said that the plea should not be allowed because there has been found no decision of the appellate courts of this state allowing the plea. With equal truth, it can be said that no decision of such courts has been found not allowing the plea. If § 3 of Title 1 is to be given the effect of its language, the burden of showing repeal of the common law ought to rest on him who asserts that the common law has been repealed. No decision of this court is cited where the court holds that the common law has been repealed so that the plea of nolo contendere may not be used in Alabama.

It does not appear that § 288, Title 15, Code 1940, has changed the common law with respect to this plea. This statute recites in·pertinent part as follows:

"The following forms of pleas, replications, rejoinders, and demurrers are sufficient in all cases in which they are applicable; but they are not exclusive; any other form sufficient at common law, or. under the statutes, or any analogous or kindred pleadings where no form is provided in this Code, may be used: "

If nolo contendere be a form of plea sufficient at common law, and "any other form sufficient at common law" may be used, it would seem to follow that the plea of nolo contendere may be used in Alabama. Where neither decision nor statute expressly forbids use of the plea, to hold that it cannot be used is to repeal the common law by implication, contrary to the rule that repeal by implication is not favored. It might reasonably be argued that this is repeal by judicial fiat.

Under these views, defendant's plea of nolo contendere, in the instant case, was a plea sufficient to sustain the judgment of guilt rendered against him; the revocation of his license based on such judgment gave effect to the plea and conviction in the same case and not outside that case; and the judgment appealed from is due to be affirmed. For these reasons, I dissent.