GEORGE F. WING, BY HIS NEXT FRIEND, VIRGINIA S. WING, PETITIONER, v. A. P. GODWIN, JR., COMMISSIONER MOTOR VEHICLES, STATE OF NORTH CAROLINA.

(Filed 20 September, 1967.)

**1. Evidence § 1—**

The courts will take judicial notice of the amendment of a statute.

**2. Automobiles § 2—**

Conviction of failing to yield the right of way, resulting in injury to persons and property, requires mandatory suspension of the provisional license of a driver under 18 years of age without right of review (prior to the amendment to G.S. 20-13), and therefore the driver's petition for review of the suspension is correctly denied.

ON *certiorari* to review (in Chambers) order of *Riddle, S.J.,* January, 1967, HENDERSON Superior Court.

The record discloses that on "9/20/66" the petitioner, a provisional licensee (under 18 years of age) was involved in a moving violation while operating a motor vehicle on the public highway, in which he inflicted personal injury on Zina Wright and caused damage of $150 to the automobile of Charles Richard Wright. On "10/3/66" he was "convicted of fail to yield right of way" in the City Police Court of Hendersonville and for the offense paid a fine of $10 and costs. On "10/24/66" the clerk of the court reported the conviction to the State Department of Motor Vehicles. On December 5, effective December 10, 1966, the petitioner's operator's license was suspended by the Commissioner.

On December 6, 1966 the petitioner filed in the Superior Court of Henderson County an application for the review of the suspension order and obtained a temporary stay pending a hearing. The Attorney General, on behalf of the Commissioner, filed a motion to dismiss the petition upon the ground the same does not state facts sufficient to support the demand for review, for that the suspension order was mandatory and no review by the Superior Court is authorized. On January 17, 1967, Judge Riddle entered an order that suspension, without a finding of fact as to the personal injury and the amount of the property damage, was not authorized. Judge Riddle remanded the case to the City Police Court for a new trial. The Commissioner of Motor Vehicles excepted to the order entered by Judge Riddle and applied for and obtained from this Court a writ of *certiorari* to review the order.

*Thomas Wade Bruton, Attorney General; William W. Melvin, Assistant Attorney General; T. Buie Costen, Staff Attorney, for the State.*

*Prince, Youngblood & Massagee by L. B. Prince for petitioner appellee.*

PER CURIAM. We take notice of the fact that G.S. 20-13 (effective May 5, 1967) was amended by Chapter 295, Session Laws of 1967 (now G.S. 20-13.1). However, at the time the petitioner was tried in the City Police Court of Hendersonville and his provisional operator's license was revoked, the revocation was mandatory and not subject to court review. *Fox v. Scheidt,* 241 N.C. 31, 84 S.E. 2d 58. The court should have dismissed the petition. Judge Riddle was without authority to award a new trial in the Police Court of Hendersonville. If the judgment was erroneous, the error could only be corrected by a direct appeal to the Superior Court. The motion to dismiss should have been allowed.

Reversed.