This is a driver's license suspension case.
On July 21, 1981 the Director of the Department of Public Safety sent appellant, Donald Ray Chambers, a written notice informing him that his driver's license had been suspended for a period of sixty days, effective on August 5, 1981. The reason given on the notice of suspension was that appellant was an "Habitual Violator." Included on the notice form was a statement informing appellant of his right to a presuspension hearing, made available upon written request.
The presuspension administrative hearing was held on August 14, 1981. At the end of the proceeding the hearing officer recommended that the sixty day suspension be put into effect for the full time. That recommendation was approved by the chief hearing officer on August 24, 1981, and at that time a notice and order of suspension was issued.
Appellant appealed the decision of the Director to the Circuit Court of Shelby County pursuant to § 32-5A-195 (q), Code 1975. The circuit court's review of the case was apparently based upon a notice of appeal, an answer with exhibits attached, and briefs. The circuit court entered an order on December 8, 1981. The court stated that at the trial of the matter no evidence was presented, but that "the action taken by the Director was . . . according to law."
Appellant filed a motion for new trial on December 11, 1981. The motion was denied. Appellant brings this appeal from that order.
Appellant makes three arguments on appeal: (1) that there was no evidence presented to the trial court which would authorize the suspension of his driver's license; (2) that the suspension of his driver's license was based upon uncertified copies of traffic convictions obtained by the Director from other states; and (3) that a suspension of his driver's license prior to an administrative hearing violated his due process rights.
Appellant's contention is that the trial court's decision is not based on any evidence. We agree. The Director's answer contains as exhibits copies of notices of conviction of traffic offenses in other states. However, no offer of these exhibits into evidence was made at the hearing. Moreover, the trial court's judgment provides that "no evidence was presented."
Section 32-5A-195 (q), Code 1975, provides in pertinent part:
 Any person denied a license or whose license has been cancelled, suspended or revoked by the director of public safety . . . shall have the right to file a petition within 30 days thereafter for a hearing in the matter in the district court, circuit court or court of like jurisdiction in the county wherein such person resides, . . . and such court is hereby vested with jurisdiction and it shall be its duty to set the matter for hearing upon 30 days' written notice to the director of public safety, and thereupon to take testimony and examine into the facts of the case and to determine whether the petitioner is entitled to a license or is subject to suspension, cancellation or revocation of license under the provisions of this section. [Emphasis ours.]
The proceeding authorized by § 32-5A-195 (q) is a de novo hearing, i.e. the trial court is empowered to have a hearing, to take testimony, to receive evidence, and to make a finding of its own. Ex parte State, ex rel. Sullivan, 262 Ala. 188,78 So.2d 322 (1955). In the case at bar the trial court did not enter an independent order of suspension but merely affirmed the order of the *Page 133 
Director. Further, it did so without any proof that petitioner's driver's license should be suspended. In this it erred. For this error the judgment is reversed.
Appellant next says that the trial court erred in basing its action on uncertified copies of traffic convictions from other states. In view of our disposition of the first issue, we pretermit a consideration of this argument.
Appellant's final contention is that § 32-5A-195, Code 1975, authorizing an order of suspension by the Director prior to a hearing on the matter, is violative of his constitutional right to due process.
Section 32-5A-195 (l) provides:
 Upon suspending the license of any person as hereinbefore in this section authorized, the director of public safety shall immediately notify the licensee in writing and upon his request shall afford him an opportunity for a hearing as early as practicable, not to exceed 30 days after receipt of such request. . . . Upon such hearing the director of public safety or his duly authorized agent shall either rescind its order of suspension or, good cause appearing therefor, may continue, modify or extend the suspension of such licensee or revoke such license.
The requirement of due process of law means notice, a hearing according to that notice, and a judgment entered pursuant to such notice and hearing. Cooper v. Watts, 280 Ala. 236,191 So.2d 519 (1966). In driver's license suspension cases, a driver is provided with notice that his license is to be suspended as of a certain date. Contained in that notice is a statement informing the driver that he is entitled to apresuspension hearing within thirty days following a written request for such hearing. If the driver requests such a hearing, an order of suspension is not issued until after the hearing takes place and until it has been determined that the driver is not entitled to keep his license.
This procedure was followed in appellant's case. He was given notice of the suspension order, and was given a hearing after it was requested. The sixty day period of suspension did not commence until after the Director had determined, from a review of the evidence, that suspension was proper. We find that this procedure satisfies the constitutional requirement of due process of law.
For the foregoing reasons, the judgment of the circuit court is reversed and the cause remanded.
REVERSED AND REMANDED.
WRIGHT, P.J., and HOLMES, J., concur.