ROBERT M. PARKER, Retired Circuit Judge.
This is an appeal from suspension of a driver’s license under the Alabama Motor Vehicle Safety-Responsibility Act, §§ 32-7-1 to -42, Code 1975.
Appellant was involved in a two-car motor vehicle accident on October 13, 1983. He did not have automobile liability insurance and did not post security as required by Section 32-7-6(b), Code 1975. After presuspension hearing his driver’s license was suspended and he appealed to the circuit court for trial de novo. After trial on April 9, 1984 the circuit court entered an order confirming the suspension.
Appellant contends on appeal that the trial court erred in failing to find that he was “legally parked,” as provided by section 32-7-7(2), Code 1975, and thus entitled to be exempt from posting security; that he was indigent and the court violated his constitutional rights by not affording him an attorney; and that the court violated the best evidence rule when it failed to require the investigating state trooper to testify.
The record reveals a controversy as to whether the appellant was “legally parked” or backed into the highway at the time of the accident. In Bell v. Burson, 402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed.2d 90 (1971), it was held that drivers’ licenses are not to be taken away without the procedural due process required by the fourteenth amendment. Procedural due process will be satisfied by an inquiry limited to a determination of whether there is a reasonable possibility of judgment in the amount claimed being rendered against the licensee. The record reveals this possibility.
A proceeding for review of a suspension or revocation of a driver’s license is a civil proceeding. Ferguson v. Gathright, 485 F.2d 504 (4th Cir.1973); State v. Wilson, 354 So.2d 1077 (La.Ct.App.1978); 60 *1150 C.J.S. Motor Vehicles § 164.35 (1969). The right to counsel given by the sixth amendment extends only to criminal or quasi-criminal cases. Ferguson v. Gathright, supra. There is no fundamental interest in the ownership of a driver’s license. Shultz v. Heyison, 439 F.Supp. 857 (M.D.Pa.1975).
The best evidence rule has no application in this case. The custodian of records testified as to the filing of an accident report, claim of damages, and failure of appellant to comply with the Motor Vehicle Safety-Responsibility Act. Other witnesses who testified were the two eye witnesses and others who arrived on the scene before the trooper. The appellant could have subpoenaed the trooper as a witness if he had desired.
For the reasons above stated, this case is affirmed.
The foregoing opinion was prepared by Retired Circuit Judge ROBERT M. PARKER while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.