This is a driver's license suspension case.
Mr. Wolfsberger (driver) entered a plea of nolo contendere to a charge of driving under the influence of alcohol (DUI) in a municipal court in Augusta, Georgia. *Page 855 
Upon receipt of a report thereof, the Alabama Department of Public Safety (department) notified the driver that his Alabama license to drive would be suspended for 90 days. The driver requested an administrative hearing, and his request was denied. The driver then filed a petition for a hearing and for a writ of mandamus in the Circuit Court of Madison County, Alabama, the county of his residence. The defendant, the director of the Department of Public Safety (director), filed a motion to dismiss the petition, and that motion was granted by the trial court after a hearing. After his motion for reconsideration was overruled, the driver timely appealed.
The critical issue for our determination is whether the director had a mandatory duty to suspend the license since an administrative hearing need not be held when suspension or revocation of a driver's license is mandatory. Bryant v.State of Alabama Department of Public Safety,494 So.2d 425 (Ala.Civ.App. 1986).
Counsel for the director argued in substance before the trial court that the Alabama Driver License Compact Act (compact), §§ 32-6-30 through -36, Code 1975, does not apply to this case, and he stated to the trial court that the State of Georgia was not a member of the compact. Only very brief evidence was taken at the hearing. The entire testimony was on behalf of the director. It was not controverted and was to the effect that the State of Georgia was not a party to the compact. However, in the appellate brief which was filed in this court on behalf of the director, it was affirmatively stated that the State of Georgia is a member of that compact. We cannot accept or give credence to that statement in brief in view of the contrary position which was taken on behalf of the director in the trial court. A case will not be reviewed on appeal on a theory which is different from the theory upon which it was tried in the circuit court. Kent v. Sims,460 So.2d 144 (Ala. 1984); Ford v. Massey,485 So.2d 1191 (Ala.Civ.App. 1986). Therefore, we pretermit any consideration of the compact in determining the issues on this appeal.
A plea of nolo contendere which is accepted by the trial court is equivalent to a conviction for the purpose of suspending or revoking a driver's license. § 32-5A-195(i), Code 1975. It is provided in § 32-5A-195(e) that the director "is authorized to suspend or revoke" an Alabama resident's license to drive upon receipt of notice of that person's conviction in another state of an offense in the other state which, if committed in Alabama, would be a ground for the driver's license suspension or revocation. The legislature enacted harsher penalties to be imposed for Alabama convictions for DUI and, in addition to fines and/or jail imprisonment, it was provided that the director shall suspend the driver's license of a person upon a first DUI conviction. §32-5A-191, Code 1975. However, that provision is not mandatory in this case since the DUI conviction of this driver was not in Alabama and since § 32-5A-195(e), supra, only grants authority to the director to suspend or revoke. The director is not required by § 32-5A-195(e) to revoke or suspend the license of an Alabama resident who commits such an offense in a sister state. In short, that code section does not make such a license suspension or revocation mandatory. Consequently, when the director suspended this driver's license and the driver duly requested a hearing, the director should have afforded him an opportunity for a hearing as is provided by § 32-5A-195(l). Since a license suspension was not mandatory, the driver had the right to file a petition within 30 days after the suspension for a hearing of the matter in the circuit court in the county wherein the driver resided. § 32-5A-195(q), Code 1975.
In view of the above, the learned trial court erred in dismissing the driver's petition as filed in the trial court, and this cause is reversed and remanded for further proceedings which are compliant with this opinion.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the *Page 856 
provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED.
All the Judges concur.