THIGPEN, Judge.
This case involves the suspension of a driver’s license.
The Director of the Department of Public Safety (Director) notified Phillip Eugene Irvine, Jr., that as a result of the Department of Public Safety’s (DPS) receipt of a *1075 notice of his conviction of driving under the influence of intoxicating liquors (DUI) in the State of Georgia, his Alabama driver’s license would be suspended for a period of ninety days. Irvine filed a “Petition for Stay of Driver’s License Suspension” in the Jefferson County Circuit Court. Upon hearing the evidence, the trial court determined that the DPS failed to carry the burden of proof, and it ordered that Irvine’s driver’s license be reinstated. Hence, this appeal.
The Director raises two issues, namely whether the trial court committed error in refusing to allow the Director to call Irvine as an adverse witness to prove the Georgia conviction, and whether the trial court properly determined that the burden of proof was upon the Director to prove that Irvine’s license should be suspended.
The Director asserts that Irvine did not request an administrative hearing pursuant to Ala.Code 1975, § 32-5A-195(Z). Inasmuch as Ala.Code 1975, § 32-5A-195(e), provides that the Director’s decision is discretionary regarding the suspension or revocation of a driver’s license resulting from an out-of-state conviction for DUI, the licensee is entitled to an administrative hearing pursuant to Ala.Code 1975, § 32-5A-195(Z), upon timely request. Wolfsberger v. Wells, 528 So.2d 854 (Ala.Civ.App.1988). Previous decisions of this court have held that a petition for a hearing in a trial court, pursuant to Ala.Code 1975, § 32-5A-195(q), regarding the revocation or suspension of a driver’s license is not a separate, distinct, or additional method by which a driver may seek reinstatement of his license, and it is therefore dependent upon the exhaustion of administrative remedies by a request for a hearing before, the DPS. Ex parte State ex rel. Lyerly, 38 Ala.App. 630, 91 So.2d 233 (1956). The proceeding authorized by that statute is a de novo hearing, i.e., the trial court is empowered to have a hearing, to take testimony, to receive evidence, and to make a finding on its own. Ex parte State ex rel. Sullivan, 262 Ala. 188, 78 So.2d 322 (1955).
This issue, however, was not raised in the trial court, and may not now be argued for the first time on appeal. Liles v. Liles, 380 So.2d 908 (Ala.Civ.App.1980). Therefore, for purposes of this appeal, and based upon the evidence presented or the lack of evidence, this court presumes that Irvine exhausted his administrative remedies.
The Director argues that which party bears the burden of proof in a revocation/suspension hearing is a novel issue in Alabama. He urges this court to adopt the reasoning of Raine v. Curry, 45 Ohio App.2d 155, 341 N.E.2d 606 (1975) and Crosser v. Iowa Department of Public Safety, 240 N.W.2d 682 (Iowa 1976), wherein the courts of Ohio and Iowa, in substance, place the burden of proof upon the motorist to establish by a preponderance of the evidence that the state had acted improperly. We note, however, that we have held it error for the trial court to simply affirm the director’s order in suspension cases without proof being put forth to show why the license should be suspended. See Chambers v. Director of the Department of Public Safety, 414 So.2d 131 (Ala.Civ.App.1982). This appears to comport with the general rule that where the authority for an administrative agency to revoke or suspend an operator’s license for an out-of-state conviction is derived from a statutory provision, the administrative agency has the burden of proving that the licensee was convicted in another state of a motor traffic violation. See Moore v. Macduff, 309 N.Y. 35, 127 N.E.2d 741 (1955); Commonwealth v. Halteman, 192 Pa.Super. 379, 162 A.2d 251 (1960); Department of Public Safety v. Smith, 296 S.W.2d 557 (Tex.Civ.App.1956). Thus, it appears that the trial court did not err in holding that the Director had the burden of proof in a driver’s license suspension action.
Next, we turn to the issue of whether the trial court erred in refusing to allow the Director to call Irvine as an adverse witness pursuant to Rule 43(b), Alabama Rules of Civil Procedure. The Director presented a facsimile copy of Irvine’s Georgia conviction. Irvine objected and the trial court ruled that the evidence was inadmissible without authentication. *1076 Thereafter, the Director sought to call Irvine as an adverse witness, ostensibly to prove the Georgia conviction. Irvine’s counsel objected and the trial court sustained the objection. Such was error. Alabama law is clear that a “proceeding for review of a suspension or revocation of a driver’s license is a civil proceeding.” Madison v. Director, Department of Public Safety, 465 So.2d 1148, 1149 (Ala.Civ.App.1984). Thus, the Alabama Rules of Civil Procedure apply. Rule 43(b) states: “A party may call an adverse party ..., and interrogate him by leading questions and contradict and impeach him in all respects as if he had been called by the adverse party_” The trial court’s refusal to permit the Director to question Irvine as an adverse witness prejudicially and substantially affected the rights of the Director in the trial court proceeding, since Irvine’s answers may have established the Director’s case prima facie. Whitworth v. Utilities Board of the Town of Blountsville, 382 So.2d 557 (Ala.1980). The trial court erred in refusing to permit the Director to question Irvine as an adverse witness and is due to be reversed in that regard. We therefore reverse that portion of the trial court’s judgment to allow the Director the opportunity to call Irvine as an adverse witness in an attempt to meet the Director’s burden of proof, and to make a determination regarding what action, if any, should be taken against Irvine’s driver’s license privileges.
AFFIRMED IN PART; REVERSED IN ' PART; AND REMANDED WITH INSTRUCTIONS.
RUSSELL, J., concurs.
ROBERTSON, P.J., dissents.