RICHARD L. HOLMES, Retired Appellate Judge.
This is a zoning case.
Sylvester Buckhana and Juanita Buckha-na, husband and wife, purchased a house in Bessemer, Alabama, in July 1991. This house, located at 1001 Dartmouth Court, is a single-family residential structure in a residential district, which is zoned R-2 single family.
After purchasing this home, Juanita Buck-hana began providing child care to six children in her home. An amendment to the zoning ordinance of the City of Bessemer (City), effective January 30,1990, provides in pertinent part:
“Section 603 R-l Single Family District “603.1 Use Regulations.
“b. Home day care is permitted provided the following requirements are met:
“1. Proof of current licensure through the Department of Human Resources and/or other appropriate federal, state or county regulatory agency.
“2. Compliance with regulations and requirements of licensing agency.
“3. Limitation of six (6) children excluding the children of the licensed operator.
[[Image here]]
“Section 604 R-2 Single Family District “604.1 Use Regulations.
“b. Any use permitted in the R-l Single Family District.”
(Emphasis added.)
In August 1992 Buckhana wished to expand her current operation to begin providing child care for up to 12 children. She submitted an application to the Board of Zoning Adjustment (Board) for the City, requesting that she be allowed to expand her operation.
A hearing was held on September 8, 1992. After the hearing the Board denied Buckha-na’s request. Pursuant to Ala.Code 1975, § 11-52-81, Buckhana appealed the decision of the Board to the circuit court for a trial de novo.
The case was tried without a jury. After the trial the trial court entered an order, wherein it overruled the decision of the Board.
The Board appeals. This case was transferred to the author of this opinion on June 20, 1994.
The dispositive issue is whether the trial court committed reversible error when it overruled the decision of the Board, which denied Buekhana’s request to expand her day care operation in an R-2, single-family residential zone.
As noted above, this case was tried without a jury. There is a presumption of correctness accorded the decision of a trial judge sitting without a jury. The trial court’s determination in a case such as the present ease will be affirmed on appeal unless there is no credible evidence to support the determination or unless it appears that *1387 the determination is plainly wrong or manifestly unjust. City of Bridgeport v. Citizens Action Committee, 571 So.2d 1089 (Ala.1990).
Our review of the record, which is not a paragon of clarity, reveals the following pertinent facts: Buckhana testified at the trial that she was' currently licensed by the Department of Human Resources (DHR) to keep 6 children between the ages of 6 weeks and 14 years. She testified that the children whom she keeps are between the ages of 6 weeks and 4 or 5 years and that at the time of trial, the oldest child she kept was 4 years of age.
Ernestine Key, an employee of DHR who was responsible for licensing day care operations in a private home, testified at the trial. She stated that Buckhana had requested that DHR license her to keep between 7 and 12 children in her home. Key was the DHR representative who had investigated Buckha-na’s qualifications to obtain such a license. Key testified that Buckhana currently met all of the DHR requirements to obtain such a license, except for “zoning.”
Buckhana testified at trial that the reason which the Board gave her for the denial of her request was that “the neighborhood didn’t want it.” She further testified that there were a number of people from the neighborhood who appeared before the Board in opposition to the expansion of her day care operation.
Our further review of the record reveals that there were several people from the neighborhood who testified at the trial. The focus of their objection to the expansion of Buckhana’s day care operation was (1) the street in that neighborhood was narrow, (2) this problem was complicated by the fact that the residents of the neighborhood parked their vehicles on the street in front of their homes, and (3) there was already enough traffic on this street and any additional traffic would only compound the problem. However, we would note that Buckhana testified that she and her husband own a van, which they use to pick up two of their current day care children, and that this van would be used to pick up the additional six children.
During the course of her testimony, Buck-hana stated that in a residential area about 3 or 4 blocks from her home, there was a day care operation which was allowed to keep 12 children. In addition, we would note that there was testimony from James Eads, an individual who operates a day care in his home, which is located in a residential district in Bessemer. Eads testified that at the same meeting where Buckhana’s request was denied, he received approval from the Board to care for 12 children in his day care operation. Eads indicated that at the Board’s meeting, when he received his approval, there was no neighborhood opposition to his request.
Although this court was not provided a complete copy of the zoning ordinance for the City, the appellate brief filed by the Board contains quotes from pertinent portions of the zoning ordinance. It appears that homes located in an R-2, single-family district have as a permitted use anything allowed for an R-l, single-family district.
Paragraph 4.1 of the City zoning ordinance covers R-l, single-family district. Paragraph 4.1(3) covers “uses permitted on review.” Paragraph 4.1(3)(c) describes a “child care center” as one of the uses permitted on review. A “child care center” is defined in Section 3(19) as follows: “a private establishment enrolling six or more children between 2 and 5 years of age and where tuition, fees, or other forms of compensation for the care of the children is charged, and which is licensed or approved to operate as a child care center.”
In its order, the trial court provided that, as a condition of being allowed to keep 12 children in their day care operation, the Buckhanas must “pick up and deliver the additional children in their own vehicle.” It was the opinion of the trial court that this condition would ensure that the expansion of the Buckhana’s operation would have “no detrimental impact upon the surrounding property owners” because there would be no increased traffic due to the expansion.
In light of the above, the trial court’s determination was supported by the evidence. City of Bridgeport, 571 So.2d 1089. The judgment of the trial court is due to be affirmed.
*1388 The above is to this court the only permissible result that can be reached under the facts and circumstances of this case. It is clear that this case, on trial de novo to the circuit court, was tried on the theory of neighborhood opposition to the expansion due to the fact that (1) the street in that neighborhood was narrow, (2) this problem was complicated by the fact that the residents of the neighborhood parked their vehicles on the street in front of their homes, and (3) there was already enough traffic on this street and any additional traffic would only compound the problem.
To decide this case on a different theory, as sought by the Board, i.e., a theory of lack of proof of “unnecessary hardship” by. Buckhana, would be contrary to the principle of law that “[a] case will not be reviewed on appeal on a theory which is different from the theory upon which it was tried in the circuit court.” Wolfsberger v. Wells, 528 So.2d 854, 855 (Ala.Civ.App.1988).
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12 — 18—10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.