THIGPEN, Judge.
This case involves the revocation of a driver’s license.
The facts in this case are basically undisputed. Glenn Walter Bell pled guilty to a charge of driving under the influence of alcohol (DUI) in Alabama in 1992. He had previously entered a plea of nolo contendere to a DUI charge in Georgia in 1989. Following the 1992 conviction in Alabama, the State Department of Public Safety (Department) notified Bell that his Alabama driver’s license was being revoked for one year because of his having two DUI convictions within five years. Bell petitioned the circuit court for review. The Department filed a motion to dismiss, alleging that, the duty to revoke Bell’s license was mandatory, not discretionary, and that therefore, the circuit court had no jurisdiction to entertain Bell’s petition for review. In his response, Bell asserted that a nolo contendere plea cannot be used for any purpose, including enhancing the period of revocation of his driver’s license.
After determining that it had jurisdiction, the trial court found that the Department had improperly used the nolo contendere plea to enhance the period of time for the revocation, and it ordered that the Department could suspend Bell’s license for a period not to exceed 90 days. Hence, this appeal.
The Department raises two issues on appeal: (1) whether the trial court properly had jurisdiction of Bell’s petition; and (2) whether, pursuant to Alabama driver’s license law, the Georgia nolo contendere plea is the equivalent of a conviction.
Although the Department argues that the trial court had no jurisdiction to hear Bell’s petition, in truth, the Department is contending that Houston County is not the proper venue. An Alabama resident whose license has been revoked may file a petition for a hearing in the circuit court of the county where the licensee resides if the revocation is not mandatory. Ala.Code 1975, § 32-5A-195(q). The director of public safety is “authorized” to revoke an Alabama driver’s license upon notice of a conviction of an offense that would support a revocation if committed in Alabama. Ala.Code 1975, § 32-5A-195(e). That Code section does not create a mandatory duty. Wolfsberger v. Wells, 528 So.2d 854 (Ala.Civ.App.1988). Therefore, Houston County is the proper venue for the filing of Bell’s petition.
The Department next argues that the trial court erred in ruling that a nolo conten-dere plea cannot be used to enhance the period of time for a driver’s license revocation. For the purposes of Alabama driver’s license law, a final conviction includes “a plea of nolo contendere accepted by the trial court.” Ala.Code 1975, § 32-5A-195(i); see also Wolfsberger, supra. Thus, the nolo con-tendere plea may be used to suspend or revoke a driver’s license. Wolfsberger, supra. The trial court erred by holding that the Georgia nolo contendere plea could not be used by the Department to enhance the period of time for the revocation, and therefore, the judgment must be reversed. On remand, the trial court is directed to consider, in its review of Bell’s petition, the Georgia nolo contendere plea as “equivalent to a conviction for the purpose of suspending or revoking a driver’s license.” Wolfsberger at 855.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and YATES, J., concur.