SAM A. BEATTY, Retired Justice.
Christopher B. Copenhaver appeals from a judgment affirming the suspension of his driver’s license. The trial court held that the provisions of the Youthful Offender Act, § 15-19-1, et seq., Ala.Code 1975, were not applicable in a proceeding to review a driver’s license suspension and to stay the enforcement of that suspension. We affirm.
Copenhaver holds a driver’s license issued by the Alabama Department of Public Safety (“DPS”). On November 2, 1993, in the State of Georgia, he was convicted of driving under the influence after entering a plea of nolo contendere. See § 32-5A-195(i), Ala.Code 1975. Thereafter, DPS suspended his license and driving privileges under §§ 32-5A-191(c) and 195(e). At Copenhaver’s request, DPS held an administrative hearing on January 19, 1994, but it upheld the suspension of his driving privileges. Copenhaver then petitioned the trial court, pursuant to § 32-5A-195(q), to review the suspension of his driver’s license and to stay the enforcement of the suspension. Copenhaver also claimed eligibility for youthful offender status. After a hearing, the court denied his request for youthful offender status.
The parties concede that youthful offender status was not available to Copenhaver in Georgia.
Copenhaver contends that the Youthful Offender Act applies to proceedings pursuant to § 32-5A-195(q) relative to the suspension of a driver’s license. He argues that with youthful offender status, he would not be subject to losing his driving privileges, citing § 15-19-7, Ala.Code 1975, which states that no determination under the Youthful Offender Act will “operate as a forfeiture of any right or privilege or make him ineligible to receive any license granted by public authority.”
We are convinced that Copenhaver has confused his remedies. The Youthful Offender Act is intended to relieve persons younger than 21 years from the harshness of criminal prosecution and conviction. Pardue v. State, 566 So.2d 502 (Ala.Crim.App.1990). Copenhaver’s appeal arises from the suspension of his driver’s license. Under Alabama law, a proceeding for review of the suspension or revocation of a driver’s license is strictly a civil proceeding. Director, Dep’t of Public Safety v. Irvine, 603 So.2d 1074 (Ala.Civ.App.1992); Madison v. Director, Dep’t of Public Safety, 465 So.2d 1148 (Ala.Civ.App. 1984). The sanction imposed in such a proceeding is not to punish the driver but to protect the public, and a finding adverse to the driver seeks to remove him as a life-threatening road hazard. Mechur v. Director, Dep’t of Public Safety, 446 So.2d 48 (Ala.Civ.App.1984). Thus, an appeal from a decision adverse to the driver does not constitute an appeal from a conviction of a crime, and, therefore, any consideration of the propriety of youthful offender status is not relevant in such an appeal. Indeed, the Youthful Offender Act begins by stating that “[a] person charged with a crime” may be eligible for youthful offender status, thus identifying both the subject matter and the person to be considered thereunder. § 15-19-1(a), Ala.Code 1975. It follows that the trial court’s judgment denying youthful offender status to Copenhaver in this proceeding was correct.
Let the judgment be affirmed.
The foregoing opinion was prepared by SAM A. BEATTY, Retired Justice, Supreme Court of Alabama, while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
AFFIRMED.
THIGPEN, YATES, and CRAWLEY, JJ., concur.
ROBERTSON, P.J., concurs in the result.
MONROE, J., dissents.