Because I believe that the Alabama court had the authority to suspend Bruno's license for 90 days, I must respectfully dissent. While I agree with much of Judge Crawley's dissent, I also feel compelled to address the issues presented by Bruno.
It is well established that an accepted plea of nolo contendere is equivalent to a final conviction for the purpose of suspending or revoking a driver's license. Wolfsberger v.Wells, 528 So.2d 854 (Ala.Civ.App. 1988); see also Ala. Code 1975, § 32-5A-195(i). Ala. Code 1975, § 32-5A-195(e), states:
 "The Director of Public Safety is authorized to suspend or revoke the license of any resident of this state or the privilege of a nonresident to drive a motor vehicle in this state upon receiving notice of such conviction of such person in another state of any offense therein which, if committed in this state, would be grounds for the suspension or revocation of the license of a driver."
Furthermore, in pertinent part, Ala. Code 1975, § 32-5A-191, states:
 "(a) A person shall not drive or be in actual physical control of any vehicle while:
 "(1) There is 0.10 percent or more by weight of alcohol in his or her blood;
"(2) Under the influence of alcohol."
Subsection (c) provides that upon the first conviction, the director "shall suspend the driving privilege or driver's license of the person so convicted for a period of 90 days." Clearly, the accepted nolo contendere plea was a conviction that could be used to suspend Bruno's license. Wolfsberger,528 So.2d 854; see also Alabama Dep't of Public Safety v. Bell,646 So.2d 137 (Ala.Civ.App. 1994). (Emphasis added.)
In brief, Bruno also argues that Alabama seeks further punishment through a license suspension which would constitute double jeopardy. I find that argument, however, to be without merit, and the case cited by Bruno in support of his contention to be clearly distinguishable. Bruno characterizes the suspension of his license as an impermissible second punishment, via a successive prosecution in Alabama for the Georgia offense, citing Dep't of Revenue of Montana v. KurthRanch, ___ U.S. ___, 114 S.Ct. 1937, 128 L.Ed.2d 767 (1994).Kurth, which is a tax case, noted that a second punishment, such as a drug tax, must be imposed during the first prosecution or not at all. Here, even if Bruno had persuasively argued that the suspension is punishment, the Georgia court, while it may have had the authority to suspend Bruno's driving privileges on Georgia roadways based upon the conviction, had no authority to suspend or prevent the suspension of Bruno's driver's license in the licensing state, in accordance with the laws of that state.
The Department of Public Safety cites United States v.Halper, 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989), to support its position that the suspension of one's driver's license is a civil sanction imposed for a remedial purpose, rather than for punishment in violation of the Double Jeopardy Clause. Halper held that the purpose of the sanction must be evaluated to determine whether it is a criminal punishment. This court has held that the purpose of a statute like §32-5A-195 is not to punish the driver, but to protect the public. Mechur v. Director, Dep't of Public Safety,446 So.2d 48 (Ala.Civ.App. 1984).
Bruno did not pursue an administrative hearing, pursuant to Ala. Code 1975, § 32-5A-195(l); instead, he sought relief by filing a petition in the circuit court. Pursuant to Ala. Code 1975, § 32-5A-195(q), one may petition directly to the circuit court for a de novo hearing to present proof regarding the suspension. See Chambers v. Director of Dep't of Public Safetyof Alabama, 414 So.2d 131 (Ala.Civ.App. 1982). Therefore, Bruno's petition in circuit court was not an appeal *Page 448 
from the Director's suspension of his license, and the trial court was not called upon to review the Director's action. SeeEx parte State ex rel. Sullivan, 262 Ala. 188, 78 So.2d 322
(1955), wherein our Supreme Court detailed the nature of the proceeding in the circuit court.
Bruno's petition sought a judicial determination regarding the suspension of his license, or, alternatively, he sought a writ of mandamus to reinstate his license and strike all allegations of his conviction from public records. Pursuant to Ala. Code 1975, § 32-5A-195(q), the trial court sets a hearing, takes testimony, and examines the facts to make a determination of "whether the petitioner is entitled to a license or is subject to suspension, cancellation or revocation of license under the provisions of this section"; i.e., upon proper proof, the trial court then may "enter an independent order of suspension." Chambers, 414 So.2d at 132. The purpose of the hearing in this case was for the trial court to make an independent determination of whether Bruno's license should be suspended, based on the evidence regarding the Georgia conviction, and, as the trial court stated during the hearing, not to "attack or collaterally attack his Georgia conviction."
The majority states that "[t]here is no such evidence to show that Bruno was '[u]nder the influence' or intoxicated" and that "we are unable, under the statute that prescribes punishment for such actions, to uphold a penalty where there is no record of conduct that would be punishable in Alabama." In contrast, however, I find that there was ample evidence before the trial court regarding the circumstances of Bruno's conviction in Georgia. This evidence, including the level of his blood alcohol content which was below the thenstatutory presumption that he was under the influence, could still have sustained a conviction for driving under the influence, pursuant to Ala. Code 1975, § 32-5A-191(a)(2). The record even contains a colloquy between the judge and the lawyers wherein all agreed, in open court, that, upon proper proof, a person could be convicted in Alabama with a blood alcohol level less than this statutory presumption.
After receiving ore tenus evidence, the trial court determined that Bruno's license should be suspended, and it properly dismissed Bruno's petition for a writ of mandamus. Because I believe the judgment of the trial court should be affirmed, I must respectfully dissent.