The Department of Public Safety ("the Department") appeals from a judgment of the trial court reversing the Department's administrative ruling upholding the disqualification of Brian Alston's commercial driver's license ("CDL"). In support of its appeal, the Department asserts the following facts, which, as will be explained infra, were not established in the trial court:
In August 2007, Alston received a traffic citation for operating an overweight commercial vehicle. After receiving the citation, Alston failed to pay the citation or to appear in court. On November 16, 2007, the Department disqualified Alston's CDL until he paid the outstanding citation and a required license-reinstatement fee. Alston did not pay the citation or the license-reinstatement fee but continued to operate his commercial motor vehicle in connection with his employment. In April 2008, Alston received a second citation for operating an overweight vehicle. After issuing the second citation, the Department extended the disqualification of Alston's CDL for an additional year. Alston sought administrative review of the decision to disqualifying his CDL. *Page 1178 
After exhausting his administrative remedies, Alston appealed to the trial court.[1] In his notice of appeal, Alston named as the appellee only the State of Alabama. On March 18, 2009, the trial court reversed the Department's ruling because, the court held, the Department had failed to present any evidence indicating that Alston had received either citation. On March 19, 2009, the Department filed a postjudgment motion arguing that the doctrine of sovereign immunity prevented the State from being made a party to Alston's action. See Ala.Const., of 1901, art. I, § 14.[2] The trial court denied the postjudgment motion and permitted Alston to amend his notice of appeal to name the Department as the appellee. The Department then filed a timely notice of appeal to this court on April 28, 2009.
First, the Department argues that the trial court did not have subject-matter jurisdiction over this matter based on the longstanding principles of sovereign immunity. See Ex parteAlabama Dep't of Mental Health Mental Retardation,937 So.2d 1018, 1022 (Ala. 2006) ("Sovereign immunity is a jurisdictional bar that deprives a court of subject-matter jurisdiction."). The Department bases its sovereign-immunity argument on its contention that the appeal to the trial court was a lawsuit rather than an administrative appeal. In the present case, Alston filed an administrative appeal to the trial court seeking review of the Department's decision. "Sections 32-5A-195(q) and 32-6-7.1(c) provide for an appeal to the circuit court for trial de novo from a [Department] decision denying, revoking or suspending a license." StateDep't of Pub. Safety v. Sexton, 748 So.2d 200, 214
(Ala.Civ.App. 1998). In the present case, Alston's appeal is not a lawsuit but, rather, is an administrative appeal. Therefore, the trial court had jurisdiction pursuant to § 32-5A-195(q) to review the Department's administrative ruling, and the doctrine of sovereign immunity does not bar Alston's appeal.
Second, the Department alleges that the trial court exceeded its discretion when the court reversed its administrative ruling despite the provisions of the Department's Rule 760-X-1-.12, Ala. Admin. Code, § 32-6-49.7(b), Ala. Code 1975, and 49 C.F.R. § 383.51, which the Department says require the mandatory disqualification of Alston's CDL based on his having received the November 2007 and April 2008 citations. However, the Department failed to provide any evidence of either citation to the trial court, leaving that court with no basis for upholding the disqualification of Alston's CDL. "The proceeding authorized by § 32-5A-195(q) is a de novo hearing, i.e. the trial court is empowered to have a hearing, to take testimony, to receive evidence, and to make a finding of its own." Chambers v. Director of the Dep't of Pub.Safety of Alabama, 414 So.2d 131, 132 (Ala.Civ.App. 1982). The Department's mere argument that the disqualification was mandatory is insufficient to meet its burden of presenting evidence to the trial court. As this court has held, "it [is] error for the trial court to simply *Page 1179 
affirm the director's order in suspension cases without proof being put forth to show why the license should be suspended." Director, Dep't of Pub. Safety v. Irvine,603 So.2d 1074, 1075 (Ala.Civ.App. 1992).
At trial, the Department called Dorothy James, the Department's deputy custodian of records, to testify regarding the records relating to the disqualification of Alston's CDL. However, the trial court upheld Alston's objections to James's testimony based on the grounds that the records were not certified and that any testimony from James would be hearsay. The Department failed to challenge those evidentiary rulings on appeal; therefore, any claims of error relating to those rulings have been waived. Ex parte Professional Bus. Owners Ass'nWorkers' Comp. Fund, 867 So.2d 1099, 1101 (Ala. 2003). In the present case, the failure of the Department to prove the existence of the citations amounted to a lack of evidence supporting the disqualification of Alston's CDL; therefore, the trial court properly reversed the Department's administrative ruling.
Because the trial court had jurisdiction pursuant to § 32-5A-195(q) and because the Department failed to present any evidence supporting the disqualification of Alston's CDL, we affirm the trial court's judgment.
AFFIRMED.
THOMPSON, P.J., and PITTMAN and MOORE, JJ., concur.
BRYAN, J., concurs specially, with writing.
[1] Section 32-5A-195 (q), Ala. Code 1975, provides, in part:
 "Any person denied a license or whose license has been cancelled, suspended or revoked by the Director of Public Safety except where such cancellation or revocation is mandatory under the provisions of this article shall have the right to file a petition within 30 days thereafter for a hearing in the matter in the circuit court in the county wherein such person resides. . . ."
[2] Alabama Const., of 1901, art. I, § 14 provides "[t]hat the State of Alabama shall never be made a defendant in any court of law or equity."