Rel: April 19, 2024

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2023-2024

—————————————————

## CL-2023-0831

—————————————————

## Verano Alabama, LLC

### v.

## Alabama Medical Cannabis Commission

**Appeal from Montgomery Circuit Court**
**(CV-23-901165)**

PER CURIAM.

On June 12, 2023, the Alabama Medical Cannabis Commission ("the AMCC") awarded Verano Alabama, LLC ("Verano"), an integrated-facility license, pursuant to the Darren Wesley "Ato" Hall Compassion Act ("the Act"), Ala. Code 1975, § 20-2A-1 et seq., which governs the

Alabama medical-cannabis industry. On August 10, 2023, the AMCC rescinded the award. Verano appealed to the Montgomery Circuit Court ("the circuit court"), which upheld the AMCC's decision to rescind Verano's award. Verano now appeals the circuit court's judgment to this court. We construe the circuit court's judgment as being a judgment on the pleadings, and we affirm the judgment.

<u>Background</u>[1]

The Act vests the AMCC with the authority to issue no more than five integrated-facility licenses. <u>See</u> Ala. Code 1975, §§ 20-2A-50 & 20-2A-67(b). An integrated-facility license authorizes the licensee to cultivate cannabis, to process cannabis into medical cannabis, to dispense and sell medical cannabis to registered qualified patients or registered caregivers, to transport cannabis or medical cannabis between its facilities, and to sell or transfer medical cannabis to a dispensary. <u>See</u> § 20-2A-67(b). To obtain an integrated-facility license, a business like Verano must apply to the AMCC. <u>See</u> Ala. Code 1975, § 20-2A-55(a). The

---

[1]Based on the procedural posture of the case, the following factual information is derived primarily from the petition for judicial review filed by Verano.

AMCC then reviews the application to decide whether it should be granted or denied. See Ala. Code 1975, § 20-2A-56(d).

If the AMCC decides to grant the application, the AMCC "awards" an integrated-facility license to the applicant.[2] The applicant must then pay an annual license fee. See § 20-2A-56(f). "Unless the [AMCC] or [a] court of competent jurisdiction enters a stay against the issuance of some or all licenses," the AMCC shall issue the integrated-facility license within 14 days of the payment of the annual license fee. Ala. Admin. Code (AMCC), r. 538-X-3-.17. An integrated-facility license is considered "issued" when the annual license fee has been paid, "all obstacles to the [a]pplicant's assuming the role of a [l]icensee have been removed," and the AMCC has delivered the license to the applicant. Ala. Admin. Code (AMCC), r. 538-X-3-.02(12). Upon receipt of the license, the applicant becomes a licensee. Id.

On June 12, 2023, after completing its review of 38 applications for an integrated-facility license, the AMCC awarded 1 of the 5 available

---

[2]A "license awarded" refers to the AMCC's "decision to grant a license to a particular [a]pplicant, after which the [a]pplicant has the obligation to pay the license fee." Ala. Admin. Code (AMCC), r. 538-X-3-.02(11).

integrated-facility licenses to Verano, who had submitted the highest-ranked application based on the scoring system used by the AMCC during the review process. The AMCC also delivered an invoice for the annual license fee to Verano, who promptly paid the fee.[3] However, the AMCC did not issue Verano the integrated-facility license it had been awarded. On June 16, 2023, following a virtual hearing, the AMCC stayed the issuance of the licenses it had awarded, citing concerns over the accuracy of the scoring of the applications.

Subsequently, the AMCC scheduled a meeting for August 10, 2023. Shortly before the meeting, the AMCC revised its agenda to state its intent to decide whether to lift the stay of the licensing process and to "void" the June 12, 2023, license awards. At the August 10, 2023, meeting, the AMCC commissioners voted to lift the stay. Immediately after the vote to lift the stay, the chairman of the AMCC raised the next item for discussion -- "to void the license awards from our June 12 [AMCC meeting]." The chairman continued:

---

[3]Verano paid the $50,000 license fee on June 12, 2023. The AMCC twice attempted to refund the license fee paid by Verano after its August 10, 2023, meeting, see discussion, infra, but Verano did not respond to those attempts.

> "As you are aware, ... following the June 12th meeting, the inconsistencies that were found in the tabulation and calculation of scores caused us to put a stay on our processes. We now have received corrected and verified calculations. And in an effort to be certain that the voting on licenses is supported by accurate data, we need to void the previous licenses awarded and consider that information in re-awarding new licenses."

An AMCC commissioner then moved to void the June 12, 2023, license awards; that motion was seconded and approved unanimously. The AMCC then recessed the public hearing for the commissioners to meet in an executive session. During the executive session, the AMCC commissioners received and reviewed a report containing the updated scoring information, which revealed that Verano's score had increased and that it remained the highest-ranked applicant for an integrated-facility license. The AMCC reconvened the public hearing and voted to "re-award" the integrated-facility licenses; however, the AMCC did not award Verano an integrated-facility license.

On August 21, 2023, pursuant to Ala. Code 1975, § 41-22-20, a part of the Alabama Administrative Procedure Act ("the AAPA"), Ala. Code 1975, § 41-22-1 et seq.,[4] Verano filed a "complaint and petition for judicial

---

[4]Before filing the complaint, Verano filed a notice of appeal and cost bond with the AMCC. The notice of appeal complied with both Ala. Code

5

review" seeking judicial review of "[the AMCC]'s August 10, 2023[,] improper 'voiding' of the licenses it previously awarded on June 12, 2023."[5] In its petition for judicial review, Verano alleged that the Act and the regulations promulgated by the AMCC did not expressly grant the AMCC the authority to "void" a license award and that the AMCC had not cited any legal authority when it voted to rescind the license awards.[6] In paragraph 22 of the petition for judicial review, Verano accused the AMCC of using the

> "'scoring inconsistencies in the tabulation of score data' as a Trojan Horse to improperly throw out the scoring altogether, unilaterally void a valid license that was awarded to the

---

1975, § 20-2A-57(f) (providing a specific right of appeal from an adverse licensing decision of the AMCC), and § 41-22-20 (providing a general right to judicial review of decisions of an administrative agency). Because there is no conflict between the two statutes for the purposes of this appeal, we elect to treat the complaint as a petition for judicial review under the AAPA.

[5]Section 41-22-20(a) allows judicial review of "[a] preliminary, procedural, or intermediate agency action or ruling ... if review of the final agency decision would not provide an adequate remedy." The AMCC did not argue that review of the final agency decision would provide an adequate remedy, so we conclude that the circuit court had jurisdiction to review the rescission order, which was not a final decision of the AMCC.

[6]In parliamentary law, the term "rescind" means "[t]o void, repeal, or nullify a main motion adopted earlier." Black's Law Dictionary 1562 (11th ed. 2019) (emphasis added). Thus, we use the term "rescind" in that sense in this opinion.

6

highest-scoring applicant after final agency vote on June 12, 2023, and re-award the license to another company without legal justification."

Verano asserted that the AMCC did not have unfettered discretion to reconsider its earlier licensing decision and to "re-award" the integrated-facility licenses. Verano requested that the circuit court reverse the AMCC's decision to rescind the June 12, 2023, license award and to order the AMCC to issue Verano an integrated-facility license, subject to the terms in the AMCC's regulations.

On September 25, 2023, the AMCC moved to dismiss Verano's petition for judicial review because, it asserted, the petition failed to state a claim upon which relief could be granted under Rule 12(b)(6), Ala. R. Civ. P.[7] However, in substance, the motion sought a judgment on the

---

[7]A petition for judicial review filed pursuant to the AAPA does not violate Art. I, § 14, of the Alabama Constitution of 2022, which provides: "That the State of Alabama shall never be made a defendant in any court of law or equity." Section 14 makes a state agency absolutely immune from civil liability. See Ex parte Limestone Cnty. Bd. of Educ., 265 So. 3d 276, 281 (Ala. Civ. App. 2018). Section 14 does not preclude actions in which the state is not a defendant, no state money or property is at stake, and the action seeks judicial examination of the actions of a state agency. See State v. Bibby, 47 Ala. App. 240, 243, 252 So. 2d 662, 664 (Crim. 1971). Section 41-22-20(h), Ala. Code 1975, provides that, in an action for judicial review, the state agency shall be named as a "respondent," not a defendant. In this context, a "respondent" is "[t]he party against whom an appeal is taken" and not "the defendant in an

pleadings under Rule 12(c), Ala. R. Civ. P. In the motion, the AMCC cited

or quoted the petition for judicial review filed by Verano and, accepting

the allegations in the petition as true, argued that it was entitled to a

judgment as a matter of law. B.K.W. Enters., Inc. v. Tractor & Equip.

Co., 603 So. 2d 989, 991 (Ala. 1992) ("Rule 12(c)[, Ala. R. Civ. P.,] allows

a party to move for a judgment on the pleadings. When such a motion is

made, the trial court reviews the pleadings filed in the case and, if the

pleadings show that no genuine issue of material fact is presented, the

---

equity proceeding." Black's Law Dictionary 1569 (11th ed. 2019). As the respondent, the state agency is responsible for transmitting the administrative record to be reviewed. See Ala. Code 1975, § 41-22-20(g). The action does not seek to impose civil liability upon the state. The action seeks only judicial review of the record transmitted by the respondent agency to determine whether the agency action was validly rendered and whether it should be affirmed, modified, or reversed, any equitable and legal relief being only incidental to the determination of the review. See Ala. Code 1975, § 41-22-20(k). Thus, unlike the situation in Redbud Remedies, LLC v. Alabama Medical Cannabis Commission, [Ms. CL-2023-0352, Mar. 29, 2024] ___ So. 3d ___ (Ala. Civ. App. 2024), in which a potential medical-cannabis-license applicant named the AMCC as the sole defendant in a suit for equitable relief under Ala. Code 1975, § 41-22-10, Verano stated a valid claim for judicial review under § 41-22-20 that was not barred by sovereign immunity. See Alabama Dep't of Pub. Safety v. Alston, 39 So. 3d 1176, 1178 (Ala. Civ. App. 2009) ("In the present case, Alston's appeal is not a lawsuit but, rather, is an administrative appeal. Therefore, the trial court had jurisdiction pursuant to § 32-5A-195(q)[, Ala. Code 1975,] to review the Department's administrative ruling, and the doctrine of sovereign immunity does not bar Alston's appeal.").

trial court will enter a judgment for the party entitled to a judgment according to the law.").

In its motion, the AMCC argued that the Act and the regulations adopted pursuant to the Act gave the AMCC the inherent and implied authority to rescind its decision to award Verano a license before the license was issued. The AMCC also argued that, in accordance with Robert's Rules of Order, which it asserted it had adopted to control its procedures, it could properly reconsider and rescind the award to Verano of an integrated-facility license. On October 3, 2023, Verano filed a written response to the AMCC's motion. On October 10, 2023, the circuit court conducted a hearing on the motion, at which it received oral arguments from counsel for the parties.

On October 11, 2023, the circuit court entered a final judgment in favor of the AMCC. The judgment provides, in pertinent part:

"In sum, Verano's [c]omplaint alleges that the [AMCC] exceeded its authority as a state agency and violated the [AAPA] when, on August 10, 2023, the [AMCC] voted to void or rescind the medical cannabis licenses it had awarded on June 12, 2023.... [T]he [AMCC] contends that (1) its licensing authority inherently includes the power to void and correct license awards for which it did not have complete or correct information, due to erroneous tabulations; (2) the [AMCC]'s express authority to stay the licensing process impliedly authorizes the [AMCC] to void license awards as necessary to

9

accomplish the purposes for which stays were permitted; and (3) following <u>Robert's Rules of Order</u> impliedly authorizes the [AMCC] to rescind its June 12 awards.

"Having considered the parties' filings, submissions and oral arguments, the [c]ourt concludes as follows:

"Verano's [c]omplaint presents a question of pure law, one properly suited to resolution on a motion to dismiss: Does the [AMCC] have the power to rescind or void its award of licenses prior to issuance? The [c]ourt concludes that the [AMCC] does have such power.

"The [AMCC]'s authority to award licenses inherently includes the power to void and correct those awards. Inherent authority, by its very nature, is authority vested in a governmental body that is outside the express authorization of the body's enabling act or rules and regulations. Pursuant to the [AMCC]'s Rule 538-X-3-.11, 'the primary consideration of the [AMCC] in awarding any license shall be the merits of the application submitted.' The [c]ourt finds compelling the authorities cited by the [AMCC] that it has such power where, as here, the goal of the conduct at issue is in furtherance of its legislatively mandated purpose. When the [AMCC] saw that its primary consideration may have been compromised by inaccurate information related to the applications, it took reasonable steps to correct its course. It cannot have been the [l]egislature's intention to bind the [AMCC] to a decision that subjected it to inevitable challenges in lengthy and resource-draining litigation.

"The [c]ourt rejects Verano's assertion that the [AMCC]'s conduct in rescinding or voiding the license awarded [to Verano] in the vote taken at the [AMCC]'s June12[, 2023,] meeting amounted to a 'revocation' from which it has the right to an appeal to this [c]ourt. The [AMCC]'s regulations distinguish a 'license awarded' from a 'license issued,' specifying that '[a]n [a]pplicant becomes a

10

[l]icensee upon receipt of the [AMCC]'s issuance of the license.' [Rule] 538-X-3-.2(11) and -.2(12). The [AMCC]'s Rule 538-X-4-.22(7) demonstrates that 'revocation' cannot be visited upon a mere applicant: 'Revocation should not be imposed arbitrarily or capriciously, but only for grave misconduct by the <u>licensee</u>.' (Emphasis added.) Moreover, the [l]egislature expressly provided in the [AMCC]'s enabling [a]ct that a '<u>license issued</u>' is 'a revocable privilege granted by this state and is not a property right.' Ala. Code [1975,] § 20-2A-68 (emphasis added). If a 'license issued' is not a property right, then its precursor, a 'license awarded,' surely cannot be a property right, and the [AMCC] was within its inherent power to rescind or void that award without the circumstances or obligations accompanying a 'revocation.' If the [AMCC]'s ultimate award of licenses for integrated facilities includes denying Verano a license, Verano may appeal that decision by means of an investigative hearing, the [l]egislature's prescribed administrative remedy for applicants when a license is denied.

"The [c]ourt also concludes that the [AMCC]'s express authority to stay the licensing process ... impliedly include[s] the power to rescind or void its June 12 license awards. If the [AMCC] has no power to rescind awarded licenses, then there could be no legitimate reason for the [AMCC] to stay licenses in the first place. Furthermore, <u>Robert's Rules of Order</u> specifically contemplates the right of an assembly to vote to rescind a previously adopted motion, thereby nullifying what had been done."

On November 21, 2023, Verano filed a timely notice of appeal to this court.

Mootness

On October 26, 2023, before Verano filed its notice of appeal to this court, the AMCC rescinded the licensing decisions it had made on August 10, 2023, but it did not rescind its decision to "void" the June 12, 2023, license awards and did not reinstate its original decision to award Verano an integrated-facility license. Based on the AMCC's October 26, 2023, actions, Verano remained eligible for an integrated-facility license; however, on December 12, 2023, the AMCC made its final decision regarding the integrated-facility licenses. The AMCC did not grant Verano one of the five available licenses, effectively denying Verano's application. Pursuant to Ala. Code 1975, § 20-2A-56(e),[8] Verano has filed a request for a "public investigative hearing" to challenge the denial of its integrated-facility-license application.

This court determines that the subsequent actions by the AMCC have not mooted the controversy between the parties. In this appeal, Verano seeks reversal of the judgment entered by the circuit court

___

[8]Section 20-2A-56(e) provides, in pertinent part: "After denial of a license, the [AMCC], upon request, shall provide a public investigative hearing at which the applicant is given the opportunity to present testimony and evidence to establish its suitability for a license."

approving the AMCC's August 10, 2023, decision to rescind the June 12, 2023, license award to Verano. Verano argues that the circuit court erred because, it says, the AMCC had no authority to rescind the June 12, 2023, license award. If Verano prevails, the AMCC's decision to rescind the June 12, 2023, license award would be reversed and the award of the integrated-facility license to Verano would be reinstated. Because a favorable decision on the merits of this appeal would affect Verano's right to an integrated-facility license, the appeal is not moot. See generally Chapman v. Gooden, 974 So. 2d 972, 983 (Ala. 2007) (quoting Crawford v. State, 153 S.W.3d 497, 501 (Tex. App. 2004)) (determining that "'[t]he test for mootness is commonly stated as whether the court's action on the merits would affect the rights of the parties'"). The appeal involves an extant justiciable controversy between the parties concerning the authority to rescind an award of an integrated-facility license.

## Analysis

In paragraph 25 of its petition for judicial review, Verano submitted to the circuit court the question "whether the [AMCC]'s vote to unilaterally 'void' the previously awarded licenses exceeded the [AMCC]'s statutory authority, violated the [AMCC]'s rule" and "was based upon an

unlawful procedure and/or was arbitrary or capricious." In its final judgment, the circuit court responded to the issue as framed by Verano by concluding that the AMCC had acted within its authority in unilaterally rescinding the June 12, 2023, license award. The circuit court determined that the AMCC's authority to rescind its original decision to award Verano an integrated-facility license emanated from three independent sources: (1) the AMCC's inherent authority to reconsider and to correct errors in its licensing decisions; (2) the AMCC's implied authority to void license awards based on its express authority to stay those awards found in its rules, see Ala. Admin. Code (AMCC), rr. 538-X-3-.17 and 538-X-3-.18;[9] and (3) the AMCC's procedural right to annul a vote on the motion to award a license and to reconsider the motion, as set forth in Robert's Rules of Order.

---

[9]Rule 538-X-3-.18 provides, in pertinent part:

"Despite the [AMCC]'s announcement of the award of licenses, due to the pendency of hearings or appeals on some or all licenses in a particular offering, some or all licenses may not issue, in the discretion of the [AMCC], but may be stayed until the time for appeal has lapsed or all appeals from the [AMCC]'s decision have resolved, whichever is later."

The judgment tracks the position of the AMCC in its motion for a judgment on the pleadings, in which it asserted that it could rescind the June 12, 2023, license award on all three alternative grounds: its inherent authority, its implied authority, and its procedural authority. Regarding the last source of authority, the AMCC asserted that it had adopted "Robert's Rules of Order (Revised)" during its first organizational meeting on August 12, 2021. The AMCC noted that, under those parliamentary rules, a deliberative body may, by a motion approved by a majority vote, rescind its decision on an earlier motion adopted at some previous time. The AMCC argued: "When [the AMCC] rescinds a motion, the motion allows [the AMCC] to nullify or void the prior action." The AMCC pointed out exceptions to the authority of a committee to rescind a previous decision, most specifically the exception prohibiting a rescission motion "'[w]hen something has been done, as a result of the vote on the main motion, that it is impossible to undo,'" see Op. Atty. Gen. No. 83-471 (Sept. 9, 1983) (quoting § 34(8)(b) of Robert's Rules of Order), but the AMCC explained why that exception did not apply. In its response to the motion for a judgment on the pleadings filed in the circuit court, Verano argued that the AMCC had not validly

15

adopted any version of Robert's Rules of Order. In its final judgment, the circuit court impliedly found that the AMCC had validly adopted an edition of Robert's Rules of Order that provided the AMCC with sufficient procedural authority to rescind its June 12, 2023, decision to award Verano an integrated-facility license.

In its principal brief on appeal, Verano argues at length that the AMCC does not have express statutory authority, inherent authority, or implied authority to reconsider and void its licensing decisions;[10] however, Verano does not challenge the third alternative ground for the circuit court's judgment -- that Robert's Rules of Order supplied the AMCC with sufficient procedural authority to rescind the decision awarding Verano an integrated-facility license. On pages 23 through 25 of its principal brief, Verano generally argues that the AMCC's "rules" do not contain a provision allowing the AMCC to rescind a previous license award, apparently referring to the AMCC regulations contained in the

---

[10]In addition to arguing that the AMCC did not have the implied authority to rescind the June 12, 2023, license award, Verano also argues that the AMCC did not have the express authority to stay the issuance of the integrated-facility license after it had been awarded to Verano and Verano had paid the license fee; however, based on our disposition of the legal-authority issue, we find no need to address this point.

Alabama Administrative Code, see Ala. Admin. Code (AMCC), r. 538-X-1-.01 et seq., but Verano does not mention Robert's Rules of Order at all or attempt to explain why those rules do not support the AMCC's legal authority to rescind the June 12, 2023, license award. Verano attacks that basis for the circuit court's judgment only in its reply brief by contending that the AMCC did not properly adopt Robert's Rules of Order and that whatever edition of Robert's Rules of Order the AMCC had allegedly adopted did not supersede the procedural rules that the AMCC was obligated to follow under the AAPA.

> "When a trial court enters conclusions of law stating alternative legal grounds for its judgment, the failure of an appellant to show error as to each ground in his or her opening brief constitutes a waiver of any argument as to the omitted ground and results in an automatic affirmance of the judgment."

Austin v. Providence Hosp., 155 So. 3d 1028, 1031 (Ala. Civ. App. 2014). That rule of automatic affirmance applies in appeals from a judgment of a circuit court adjudicating a petition for judicial review pursuant to § 41-22-20, even though the appellate court's standard of review is de novo in such cases. See Alabama Dep't of Mental Health v. Nobles Grp. Homes, Inc., 343 So. 3d 1140, 1146 (Ala. Civ. App. 2021).

17

In this case, the circuit court entered specific conclusions of law stating three alternative bases for its judgment. Verano did not assert any error as to the third basis for the judgment in its principal brief on appeal. Therefore, Verano waived any argument as to that omitted ground despite making the argument later in its reply brief. See Alabama Dep't of Mental Health, supra; see also Meigs v. Estate of Mobley, 134 So. 3d 878, 889 n.6 (Ala. Civ. App. 2013) ("Arguments not raised in the appellant's initial brief are deemed waived; arguments made for the first time in the reply brief are not addressed by the appellate courts."). Consequently, the judgment must be automatically affirmed insofar as it concludes that the AMCC had the legal authority to rescind the June 12, 2023, license award to Verano.

Recognizing that the circuit court might determine that the AMCC had the requisite authority for its August 10, 2023, decision, Verano alternatively pleaded that the AMCC could not exercise that authority to arbitrarily and capriciously "throw out" the original license award. In American Trucking Associations v. Frisco Transportation Co., 358 U.S. 133, 146 (1958), in discussing the authority of the Interstate Commerce Commission ("the ICC") to modify certificates of public convenience and

18

necessity containing inadvertent errors, the United States Supreme Court explained that "the power to correct inadvertent ministerial errors may not be used as a guise for changing previous decisions because the wisdom of those decisions appears doubtful in the light of changing policies." Verano, relying on that passage, argues that the AMCC could correct only ministerial errors in the June 12, 2023, licensing decision and that it could not change that decision for other reasons, which Verano alleges the AMCC did when it refused to "re-award" Verano an integrated-facility license.

In <u>Frisco</u>, the Supreme Court held that the ICC's authority to modify a certificate of public convenience and necessity derived from § 17(3) of the act creating the ICC, which provided: "'The [ICC] shall conduct its proceedings under any provision of law in such manner as will best conduce to the proper dispatch of business and to the ends of justice.'" 358 U.S. at 145. The Supreme Court stated: "This broad enabling statute, in our opinion, authorizes the correction of inadvertent ministerial errors." <u>Id.</u> The Supreme Court further analogized the ICC's authority to that of a federal court under Rule 60(a), Fed. R. Civ. P., to correct clerical mistakes in a judgment. <u>Id.</u> The Supreme Court

19

essentially determined in <u>Frisco</u> that the ICC had the inherent or implied authority to rescind and replace a certificate of public convenience and necessity to correct an inadvertent ministerial error, but, as explained in the passage upon which Verano relies, that inherent or implied authority did not allow the ICC to reconsider its original decision and modify the certificate based on a substantive redetermination of the merits.

Assuming Alabama law adheres to the principles espoused in <u>Frisco</u>, which we do not decide, <u>but see</u> <u>Ellard v. State</u>, 474 So. 2d 743, 751-52 (Ala. Crim. App. 1984), aff'd <u>Ex parte Ellard</u>, 474 So. 2d 758 (Ala. 1985) (finding inherent authority of parole board to reconsider and modify parole determination based on absence of complete investigative file as required by law), we still cannot reverse the judgment on the basis that the AMCC exceeded its inherent or implied authority to correct clerical or ministerial errors. In its final judgment, after discussing the inherent and implied authority of the AMCC to reconsider its licensing decisions based on corrected scoring data, the circuit court further determined that "<u>Robert's Rules of Order</u> specifically contemplates the right of an assembly to vote to rescind a previously adopted motion, thereby nullifying what had been done." The circuit court plainly

concluded that the AMCC could rely on its procedural authority, independent of its other legal authority, to completely nullify the June 12, 2023, decision to award Verano an integrated-facility license. Verano has not presented any legal argument challenging that conclusion. See Rule 28(a)(10), Ala. R. App. P. Thus, Verano has waived that argument. See State Dep't of Transp. v. Reid, 74 So. 3d 465, 469 (Ala. Civ. App. 2011) ("Because [the Alabama Department of Transportation] has not provided any argument challenging the third basis for the trial court's judgment, it has waived any argument on appeal as to the correctness of that basis for the judgment of the trial court."). An unchallenged ruling in a judgment, whether right or wrong, is the law of the case and requires affirmance. First Union Nat'l Bank of South Carolina v. Soden, 333 S.C. 554, 566, 511 S.E.2d 372, 378 (Ct. App. 1998). Accordingly, we must affirm that aspect of the final judgment as well.

Verano also complains that the AMCC did not follow the procedure for revoking a license in its August 10, 2023, meeting. Section 20-2A-57(c), Ala. Code 1975, which is a part of the Act, provides, in pertinent part: "The [AMCC] shall comply with the hearing procedures of the [AAPA] when denying, revoking, suspending, or restricting a license or

21

imposing a fine." Section 41-22-19(a), Ala. Code 1975, which is a part of the AAPA, provides: "The provisions of [the AAPA] concerning contested cases shall apply to the ... revocation ... of a license." Section 41-22-19(c) provides:

> "No revocation ... of any license is lawful unless, prior to the institution of agency proceedings, the agency gave notice by certified mail to the licensee of facts or conduct which warrant the intended action, and the licensee was given an opportunity to show compliance with all lawful requirements for the retention of the license."

Again, however, we cannot consider this argument. In its final judgment, the circuit court determined that the AMCC had validly rescinded the decision to award Verano an integrated-facility license through Robert's Rules of Order, which, as the AMCC showed in its motion for a judgment on the pleadings, could be accomplished by a simple majority vote of the AMCC's commissioners. Verano challenged that procedure in its reply brief, but not in its principal brief, thereby waiving the argument. See Meigs, supra. Hence, we do not address whether the revocation rules in the AAPA apply and supersede Robert's Rules of Order when the AMCC rescinds a previous licensing decision.

Finally, Verano contends that the AMCC acted arbitrarily and capriciously when it "re-awarded" the integrated-facility license to

another, lower-scoring applicant, effectively denying Verano an integrated-facility license; however, that issue is not properly before this court. In its petition for judicial review, Verano submitted to the circuit court the question whether the AMCC had acted arbitrarily and capriciously in voting to rescind the June 12, 2023, license awards. Verano did not submit for review the separate question whether the decision to award one of the five available integrated-facility licenses to an allegedly less-qualified applicant than Verano was arbitrary and capricious. As the circuit court concluded, that issue may be considered only upon a review of the final decision of the AMCC to deny Verano an integrated-facility license and only after exhaustion of Verano's administrative remedies. See note 8, supra, and accompanying text; see also § 41-22-20(a) (allowing judicial review of a final decision only after the exhaustion of administrative remedies). Thus, we express no opinion on this point.

Conclusion

In conclusion, we hold that Verano has waived any argument that the AMCC could not lawfully rescind the June 12, 2023, award of an integrated-facility license to Verano pursuant to Robert's Rules of Order.

23

We further hold that that waiver requires automatic affirmance of the circuit court's judgment. This opinion should not be construed more broadly than these limited holdings so as to prejudice the rights of either party in future proceedings.

AFFIRMED.

All the judges concur.